By the Court.

The plaintiff, having an execution upon a judg *428 ment which he had recovered against the proprietors of the township of Lebanon, causes it to be extended upon a tract of land which the proprietors, by their committee, had before sold to a stranger for a valuable consideration, and of which the assignee of the grantee, who is the defendant in this action, was, at the time of the extent, in possession. And he relies on the incompetency ol the proprietors, in their collective capacity, to convey their common estate to a stranger.
The Solicitor-General and Hubbard for the plaintiff.
Emery and Holmes for the defendant.
By a law of the colony of Massachusetts, passed as early as the year 1636, (3) authority was given to the freemen of every town to dispose of their lands, &c. In the preamble to a statute passed in 1753, (4) it is recited that the proprietors of lands lying in common have power “ to manage, dispose, and divide, the same, in such way and manner as hath been, or shall be, concluded and agreed on by the major part of the interested.”
Of these statutes a practical construction early and generally ootained that in the power to dispose of lands was included a power to sell and convey the common lands. Large and valuable estates are held in various parts of the commonwealth, the titles to which depend on this construction. Were the Court [ * 478 ] * now to decide that this construction is not to be supported, very great mischief would follow. And although, if it were now res integra, it might be very difficult to maintain such a construction, yet at this day the argumentum ab incorwenienti applies with great weight. We cannot shake a principle which in practice has so long and so extensively prevailed. If the practice originated in error, yet the error is now so common that it must have the force of law. The legal ground on which this provision is now supported is, that long and continued usage furnishes a contemporaneous construction, which must prevail over the mere technical import of the words. The result is, that there can be no new trial. (a)

Judgment according to verdict.

 2 Mass. Laws, App. 966.

 Ibid. 995.

 Packard vs. Richardson & Al. 17 Mass. Rep. 144.