## ALVAN BOYDEN *vs.* TOWN OF BROOKLINE.

A town officer cannot recover pay for his services unless by express vote of the town, or *what is equivalent.*

*Dubitatur*, whether a constant usage in relation to that particular office, from year to year, will impose any obligation upon the town to pay such officer, where no express vote has been had to that effect.

The contemporaneous construction of a statute and long established practice under it, give an exposition of its spirit and intention, which courts are not at liberty to depart from.

The facts of the case are fully presented in the opinion of the court.

*R. M. Field for plaintiff.*

*D. Kellogg for defendant.*

The opinion of the court was delivered by

REDFIELD, J.—This is an action of assumpsit for work and labor, in which the plaintiff seeks to recover of defendant for services rendered as superintending committee of schools, for the years 1829, 1831, 1832 and 1833. Having shown his appointment and service the defendant introduced testimony tending to show, that, at the time of his appointment and service, it was understood between plaintiff and the town, that his services should be gratuitous. The plaintiff then offered to prove that the town had been accustomed to make compensation to other town officers, it being admitted they had never paid this committee for their services. The testimony was objected to by defendants and rejected.

The court charged the jury that the plaintiff could not recover, if there was any understanding such as had been attempted to be shown ; but if there was no such understanding that his services

Windham,
February,
1836.
Boyden
vs.
Brookline.

should be gratuitous, he would be entitled to a verdict. The jury found for the defendant, and the case comes here on exceptions for our revision.

No principle is better established than that one cannot recover for gratuitous services. This has been held, even when services have heen rendered with the expectation of a legacy, or some other provision which had not been made. It is at variance with the very first principles of right and obligation, that a man shall be made the debtor of another against his will. This the jury must have found was the fact, or under the charge, their verdict would have been for the plaintiff.

And we are equally at a loss to see how the plaintiff could have been injured by the decision of the court below, in rejecting the testimony offered by him to show that the town had paid other officers, it being admitted they had never paid this committee. The town paying one class of officers, has no legal tendency to show that they intend to pay all their officers. It is common to pay listers in many towns for making the list, and no other officer for any service. And the testimony offered in connexion with the other facts in the case, that the defendant had not paid this committee, clearly had a tendency to raise a presumption against the plaintiff's claim.

But we are all satisfied that the court might have put the case on a much stronger ground against the plaintiff. It is very plain to us, that a town officer, as such, has no legal claim against the town to recover pay for services rendered, unless by an express vote of the town, or a uniform usage to pay that particular officer, from year to year, for his services. And in the latter case it would be very questionable whether a recovery at law could be had, if it had all along been left to the town to make such compensation as they should deem reasonable, after the services had been rendered. This is apparent from the statute making no provision for any compensation to town officers, except such as the town shall vote "upon *a particular statement of their time and services.*"—§ 7 of the stat. 1797.

This must of course be after the services rendered, and is by the terms of the statute made to depend upon the liberality of the town, as a gratuity.

The statute in providing the manner in which persons elected to town offices may excuse themselves from serving, seems to presuppose that the service will be without pay or compensation of any kind.

WINDHAM,
February,
1836.
———
Boyden
vs.
Brookline.

One so situated may avoid the penalty of the statute, by "showing that he is unreasonably *oppressed*, or that others are unreasonably *exempted*."

A man could not, with propriety, be said to be oppressed by service for which he could sustain an action against the town on a *quantum meruit* and recover as much as he reasonably deserved.

It is believed such was the uniform contemporaneous construction of this statute, and that towns and town officers have, with few exceptions, acted upon this understanding of the law. Towns have sometimes made compensation to their officers for services, but it has never, it is believed, been done on the ground of legal obligation, but as a gratuity. In some instances towns have voted a compensation to listers and selectmen at the time of their appointment. This would no doubt give them a legal claim, but it could not be extended, by relation, to other officers. And this long established construction of the statute should now have the force of a judicial determination. Such has always been the deference paid by courts to such an exposition of statute or constitutional law.—*Rogers* vs. *Goodwin*, 2 Mass. R. 475—*Packard* vs. *Richardson et al.* 17 Mass. R. 144, Parker Ch. J.—*Stuart* vs *Laird*, 1 Cranch. 299—1 Peters. Con. 316.

No evil is known to exist under the present practice of towns in this respect, and it is at least questionable whether the doctrine contended for by plaintiff's counsel would tend to confirm the purity or faithfulness of town officers. It is to be feared it would more tend to increase the *amount* than to elevate the *character* of public service. And doubtless the number of aspirants for these petty places of public trust would so far be increased as to render our "March meetings" a scene of more commotion and confusion, than has ever been the case in this quiet state.

This same principle has always been recognized in this state, in regard to all officers. If no law of the state fixed their fees or pay, their services must be gratuitous. The state superintending school committee, while the office existed, served without pay, as one of our number has reason to remember.

The judgment of the county court is affirmed.