*Mem.* WESTON C. J. having been detained in the trial of jury causes in the county of *Washington*, was not present at the arguments in this county.

---

## BUSHROD W. HINCKLEY *vs.* BLUEHILL GRANITE COMPANY.

The service of a writ upon *a manufacturing corporation*, by leaving an attested copy thereof and of the return thereon, with the *clerk of such manufacturing corporation*, thirty days before the day of the sitting of the Court, to which the same writ shall be returnable, is a good service.

THE defendants pleaded in abatement, that the service of the writ is insufficient in law, it being made, as appears by the return thereof, upon the clerk of said company, and not upon the president or other head officer thereof. To this the plaintiff demurred generally.

The case was argued in writing.

*W. Abbott,* for the plaintiff, said that it must be admitted, that the *Mass. stat. c.* 75, *sec.* 8, has not been re-enacted so as to embrace corporations generally, the terms, " or other body corporate," having been omitted in our *stat.* 1821, *c.* 114, *sec.* 7. The service of writs is and always has been regulated by statute in this State and in *Massachusetts,* and the legislatures of both States intended to provide for and regulate that subject by positive enact-

ment, and there is no evidence of any common law in this State, regulating the service of writs. The general practice has been to serve writs on corporations by summoning the clerk. If there be no common law existing on the subject, then if the doctrine contended for by the defendants be correct, there are a multitude of corporations who may set at defiance the laws; and the consequences may be, that all judgments rendered against corporations since 1820, where they have not appeared, are liable to be reversed by writ of error. The Court will hesitate before they come to a result so full of danger, and if it be necessary, will apply the maxim, *communis error facit jus*. *Kent* v. *Kent*, 3 *Mass. R.* 357. But it is contended, that the service is good under the general provisions of the *stat.* 1821, *c.* 59. The terms, "any persons," are broad enough to include such corporations as are not embraced in any of the statutes. A notice of fourteen days will be sufficient. *Bullard* v. *Nantucket Bank*, 5 *Mass. R.* 100. It may fairly be inferred from the statute of *March* 29, 1837, *c.* 289, that a service on the clerk is good. The principal object of the legislature in passing that act, was to have the proper officer on whom service might be made reside within the State.

*Hobbs*, for the defendants, argued : —

1. That the officer having served the writ by leaving an attested copy of it with his return thereon, with the clerk of the defendants, may be supposed to have intended to follow the direction of *stat.* 1821, *c.* 60, *sec.* 2. But this is not enough. It is only upon corporations authorized by law to receive tolls that such service and return is to be made. The defendants are a manufacturing corporation, and have no attachable franchise, or any other attachable right, privilege or immunity, as is contemplated by that section. At the time of the separation, the service of writs like the present, was regulated by *stat. c.* 75, *sec.* 8. That law was expressly repealed by the repealing act, *stat.* 1821, *c.* 180, and the eighth section was not re-enacted by our legislature in any of the acts upon the same subject matter. The service is not good therefore as a statute service.

2. It is not good at common law. By the common law, service on corporations must be on the president or principal officer of the institution. 1 *Tidd's Pr.* 116; 16 *Johns. R.* 6; *Angell & A.*

*on Cor.* 228, 232, 383. The common law remained in force in *Massachusetts* until the *stat. c.* 75, before referred to, passed in 1786, before which time a service, fourteen days before the return day, upon the president or other principal officer was the usual mode. The common law is now in force in this State. The service in this case does not conform to it, and is therefore insufficient and void.

The opinion of the Court was drawn up by

SHEPLEY J. — The defendants were incorporated by the act of 29th of *February*, 1836, for " working, manufacturing, vending, dealing in, and exporting granite," and with the like powers, duties, and liabilities of other similar corporations. The intention therefore must have been to class this corporate body among manufacturing corporations, and the service of process upon it must be such as is provided for on them.

The statute of *Massachusetts, c.* 75, § 8, provided, that " when any suit shall be commenced against any town or other body corporate a copy of the writ" " shall be left with the clerk of such town or with one or more principal inhabitants thereof, or with the clerk or some principal member of the body corporate." That act upon the revision of the statutes in this State was repealed. *c.* 180, 2 *Maine Laws*, 781. The revised statute, *c.* 59, § 6, provides for a service upon towns, parishes, and proprietors of common or undivided lands or other estate, but the words, " or other bodies corporate," were omitted. By the revised statutes, *c.* 60, § 1, provision is made for the attachment of the shares or interest of any person " in any turnpike, bridge, canal, *or other company*," and service is to be made by leaving an attested copy of the writ " with the clerk, treasurer, or cashier." And in the second section it is provided, that the franchise of " any turnpike, bridge, canal, or other company incorporated by law, with power *to receive toll*," " as well as all other corporate property, either real or personal, shall be liable to attachment on mesne process ; and when such attachment shall be made, or other service of mesne process shall be made on any of the corporations *aforesaid*, the officer serving the same shall leave an attested copy of said process and his return

thereon with the clerk, treasurer, or some one of the directors of said corporation."

According to the grammatical and legal rules of construction, the word *aforesaid* would be regarded as referring to the class of corporations named in the section in which the word is found, and not to all those named in the first as well as second sections ; and such should be the construction adopted by the Court, unless forced by the examination of other acts of legislation in *pari materia* to the conclusion, that a different construction was intended by the legislature, and must therefore be admitted.

Provision is made in *c.* 59, § 1, 2, for a service of writs upon *persons* or *defendants* in the suit, and it would be a somewhat forced construction, that would include bodies corporate under those words. And yet the legislature must have intended to provide in one of these modes for a service upon manufacturing corporations, or to make no provision for a service upon these and other classes of corporations.

Where *persons* have been prohibited from doing certain acts, the prohibition has been decided to include bodies corporate. *The People* v. *Utica Ins. Company,* 15 *Johns.* 358. Corporate bodies are said, by *Lord Coke,* to be included in the word *inhabitants,* in his exposition of the statute 22 *Hen.* 8, 2 *Inst.* 703. The like construction prevailed in *Rex* v. *Gardner, Cowp.* 83, where the words *inhabitants* and *occupiers* were held to include bodies corporate.

The enactments in *c.* 60, § 31, contemplate, that actions may be commenced against manufacturing corporations, and provide that an officer having a writ or execution may demand of the president, treasurer, or clerk of such corporation to "show the same officer sufficient personal estate to satisfy any judgment that may be rendered upon such writ, or to satisfy and pay the creditor the sums due upon such execution." The agent or other officer of such a corporation, having charge of its property, is required on request of an officer having a writ or execution against the same to deliver the names of the directors and clerk. *c.* 385, § 4.

The additional act respecting foreign attachments subjects bodies corporate, excepting counties, towns, and parishes, to be called upon by that process to account for goods of a debtor in their pos-

session ; and provides for service being made upon them " as is or may be provided by law for the service of writs and processes *in* civil actions on such corporations." *c.* 442. The act of 29th of *March* 1837, *c.* 289, requires all corporations to keep the office of their clerk within the State, and that the clerk shall file a certificate of his being such in the office of the register of deeds in the county, where the corporation is established or where it operates. These enactments clearly indicate the sense of the legislature, that a mode of service had been provided by statute ; and intimate that the mode of service was that provided in the first or second sections of *c.* 59. To give effect to the sense of the legislature thus expressed, that some mode of service had been provided, it may be necessary to admit one of the constructions before alluded to ; and the former would seem to be more clearly indicated than the latter. It is believed, that a practical construction has prevailed since the revision of the statutes, that a service upon the clerk was good. And it was decided in *Rogers* v. *Goodwin,* 2 *Mass. R.* 475, that a practical construction, which had prevailed for a long number of years, " although if it were *res integra* difficult to maintain," was not to be shaken. Such a mode of service may also be regarded as legal by implication arising out of the provisions of the later statutes, which presuppose its existence. The service must be adjudged to be good.