#### FOR THE

## COUNTY OF WASHINGTON.

### MARCH TERM, 1845.

---

PRESENT.

Hon. STEPHEN ROYCE,
Hon. ISAAC F. REDFIELD, } ASSISTANT JUDGES.
Hon. MILO L. BENNETT,
Hon. WILLIAM HEBARD,

---

## SAMUEL M. ORCUTT .v. TOWN OF ROXBURY.

Where a town voted to hold their town meetings at the house of the plaintiff, who was one of the inhabitants of the town, and, at the town meeting at which the vote was taken, it was publicly stated, in the hearing of the plaintiff, that he would ask nothing for the use of his house, only that the select men should grant him a license to sell liquor, on town meeting days, at his house, and the plaintiff made no objection, at the time this statement was made, it was held that proof of this, coupled with evidence that the plaintiff did afterwards usually take a license to sell liquor at his house on town meeting days, would justify the conclusion that the plaintiff so understood the terms upon which the meetings were to be held at his house, and that he had, therefore, no right to claim payment from the town for the use of his house, unless he had subsequently revoked the license, and given the town notice that he should claim pay.

But notice, merely, that he could not any longer have the meetings held at his house, without proof that he also gave notice that he should, after that, claim pay, and without proof of any express promise on the part of the town to pay, was held insufficient to entitle him to recover for such use.

Assumpsit to recover for the use of the plaintiff's dwelling house for the purpose of holding therein town meetings. Plea, the general issue and the statute of limitations, and trial by jury.

The plaintiff, to support the issue on his part, introduced evidence tending to show that in 1817, or 1818, the town voted to hold their town meetings at his dwelling house; that they did hold all their meetings in his house until March, 1842, when they voted to remove to another place;—and that, during the time that the meetings were so holden in the house of the plaintiff, he was put to trouble in removing his furniture, and in washing and cleaning his house, to the amount of five dollars a year.

The defendants then gave evidence tending to show, that, at the time the town voted to remove the meetings to the house of the plaintiff, it was stated in town meeting, and in presence of the plaintiff, that, if the meetings were moved to the house of the plaintiff, he would claim nothing for the trouble of having them there, only that the select men should license him to sell liquor on town meeting days,—that the select men did so license him, whenever he requested it, and that he generally had such license.

The plaintiff then offered to prove, that, some eight or ten years before the meetings were removed from his house, he requested the town, in town meeting, to build a town house, and there stated that he could not any longer have the meetings holden in his house; but that the town did not build a town house, and continued to hold their meetings in his house, as before, until they were removed in the spring of 1842; to which evidence the defendant objected, and it was excluded by the court.

The court charged the jury, that, if they found, that, at the time the meetings were removed by vote of the town to the house of the plaintiff, it was stated in his presence that he would claim nothing but the privilege of selling liquor, as above stated, and he did not object to it, and that he had license granted him by the select men for that purpose, whenever he requested it, he was not entitled to

Orcutt *v.* Roxbury.

recover, unless he had given the town notice that he should claim pay.

The jury returned a verdict for the defendants. Exceptions by plaintiff.

*J. L. Buck* for plaintiff.

*L. B. Peck* for defendants.

The opinion of the court was delivered by

HEBARD, J. The plaintiff, in this action, seeks to recover of the town pay for the use of his house for the town to hold *town meetings*. The case finds that meetings were held at his house from about 1818 to 1842, and that, at the time the town voted to hold the meetings at the plaintiff's house, it was stated in the plaintiff's hearing that he would claim nothing for his trouble, only that the select, men should grant him a *license* to sell liquor, on town meeting days, at his house,—and that they did license him, whenever he requested it,—and that he generally had a *license*. The fact that he did not contradict the statement, thus made in his hearing, in connection with the fact that he afterwards *took a license* to sell liquor, would justify the conclusion, that he so understood the terms, upon which the meetings were to be held at his house. The court instructed the jury, that, if such was the fact, the plaintiff was not entitled to recover, unless he had given the town notice that he should claim pay.

The question depends mainly upon the correctness of this charge; and we think that this was as favorable, as the plaintiff was entitled to have. The plaintiff offered to prove, that, eight or ten years before the meetings were removed from his house, he requested the town, in town meeting, to build a town house, and then stated that he could not any longer have the meetings holden in his house. There is no doubt, that the plaintiff was at liberty to terminate that *license*, whenever he pleased; and, having done so, and given notice that he should no longer continue that arrangement, he might close his doors against any person that came there. But the important inquiry is, whether he can be permitted to recover of the town, without any promise on the part of the town to pay him, or notice to the

town, on his part, that he should claim pay. There are few cases, in which any thing is to be taken against towns by mere implication. Their liabilities to support their poor, and to build roads, and pay damages for injuries occasioned by the insufficiency of their roads, are matters *stricti juris ;* and the nature and extent of those liabilities are fixed and defined by statute. And it has been holden that towns are not liable to pay their officers for their *services*, without an express engagement to do so. *Boyden* v. *Brookline*, 8 Vt. 284.

We therefore think that the testimony offered by the plaintiff was not sufficient to impose a liability upon the town, and that it was therefore correctly rejected.

Judgment affirmed.