## STATE *v.* JOHN HALEY.

*Crimes. Nuisance. Sts.* 1876, *No.* 33. *Pleading. Continuando. Prosecution by Information. House of Correction.*

The keeping of a nuisance within the meaning of No. 33, Sts. 1876, by keeping a place of public resort for the unlawful sale, &c., of intoxicating liquor, need not be laid with a continuando ; and, where a day certain is alleged, evidence as to the character of the place on any day, whether before or after the day alleged, is admissible to show that it was a nuisance on any day within the time limited for the prosecution.

Prosecution for such offenses may be by information ; and *semble* that prosecution for all but capital crimes, and crimes the punishment for which is imprisonment in state prison for more than seven years, may also be by information.

In trial on information for such an offense, it appeared that for two years or more respondent was the keeper of the place, and that it was used as a place of public resort, and there was no evidence that the place was kept by any one other than respondent. The State produced a witness who testified that he bought ale there of respondent three times six months before the day alleged and before the time of trial. The court charged that if that testimony was true the respondent should be found guilty. *Held*, no error.

The sentence was to pay a fine and costs, and to be confined at hard labor in the House of Correction for three months. *Held*, that the House of Correction was a substitute for the county jail in such behalf, and that the sentence was without error.

THIS was an information by the State's attorney, filed at the September Term, 1879, alleging that on September 1, 1879, the respondent kept and maintained a certain place or room, &c., used as a place of public resort, in which intoxicating liquor, &c., was then and there unlawfully sold, &c., to the common nuisance, &c. The respondent moved to quash the information for that the State's attorney had no authority to prosecute for that offense in that court by information ; but the motion was overruled ; to which the respondent excepted.

The evidence on the part of the State tended to show that the respondent was, and for two years or more last before the trial had been, the keeper of the place described in the information, and that during the winter of 1878 and the winter and summer of 1879, and down to near the time of trial, there had been fights in

the place, and drunken men had been seen going in and out of both the front and rear doors, &c. To the admission of that evidence, so far as it was not confined to September 1, or near that time, and of all evidence tending to show a keeping or selling at other times and after September 1, the respondent seasonably objected. The objection was overruled, and the State was allowed to go over the entire year preceding September 1; to which the respondent excepted.

The State was unable to show otherwise than as above stated that any liquor was sold at the place in question, except on three occasions in March, 1879, and one in March or April; but it appeared that for two years or more the respondent was the keeper of the place, and that it was used as a place of public resort; and there was no evidence that the place was kept by any one other than the respondent during the two years preceding the trial, or that the business done there had in any way changed during that time. One witness testified that he purchased lager beer of the respondent in said place in March or April, 1879; and one Williams, a witness produced by the State, testified that he bought ale of the respondent in said place three times in March, 1879. To the admission of the testimony of Williams the respondent objected, but the objection was overruled and the evidence admitted; to which the respondent excepted.

The respondent requested the court to charge that if he had formerly kept the place and then sold intoxicating liquor, yet if he had ceased and had not kept nor sold since August 1, 1879, he should not be found guilty. The court refused so to charge; to which the respondent excepted.

The court charged that the State was not confined to the date alleged; and that if any intoxicating liquor, &c., was proved to have been sold in the place in question at any time within five or six months prior to that date, and that the respondent was the keeper of the place when the sale was made, the respondent should be found guilty; to which the respondent excepted.

The court read to the jury the testimony of Williams, and charged that if they believed beyond a reasonable doubt that the testimony was true, and that the respondent was keeping the place

at the time by Williams referred to, the respondent should be found guilty ; to which the respondent excepted.

After having gone out the jury came in for further instructions, when the court charged that if the respondent was seen in and about the premises when the liquor was bought, and sold liquor there and appeared to be in charge, he should be presumed to be the keeper, there being no evidence to the contrary, or that any one else was keeping the place ; to which the respondent excepted.

Verdict, guilty. After verdict and before sentence, the respondent moved in arrest on the ground stated in the motion to quash ; but the motion was overruled ; to which the respondent excepted.

The court rendered judgment on the verdict; sentenced the respondent to pay a fine of $20 and costs, and to be confined at hard labor in the House of Correction for three months ; and adjudged the place in question to be a common nuisance, and ordered it to be abated.

*Redington & Butler*, for the respondent, contended that the proceeding by information instead of by indictment was erroneous, that the charge was wrong in the particulars indicated by the several exceptions thereto, and that the sentence was also erroneous —contending on the last point that the court had no power under the statute to sentence to the House of Correction when sentencing also to the payment of a fine. They also urged that the respondent was unwilling to be sent to the House of Correction.

*G. E. Lawrence*, State's attorney, for the State.

The Legislature intended the State's attorney to prosecute by information in all cases not capital or punishable by imprisonment in state prison for more than seven years. If so, the act will receive that construction. *Henry* v. *Tilson*, 17 Vt. 479 ; *Treasurer of Vermont* v. *Clark*, 19 Vt. 129 ; *Ryegate* v. *Wardsboro*, 30 Vt. 746 ; *Treasurer of Vermont* v. *Brooks*, 23 Vt. 698.

Evidence of the commission of the offense was not limited to the very day alleged. 1 Bishop Crim. Proced. s. 400. The evidence was admissible to show the general character of the place.

The requests to charge were rightly refused.

The opinion of the court was delivered by

BARRETT, J. Many of the considerations expressed in *State* v. *Cox* bear equally on this case. The offense consists in keeping and maintaining a nuisance. That offense is predicable of any single day on which the nuisance exists, without regard to the fact that it was existing on many days continuously, including the one alleged in the information or complaint. The form given in the statute is followed in this case. This form would have been good without any statute enacting it. A continuando was not necessary for any purpose, nor required by any rule of law. Evidence as to the history and character of the institution, both before and after the day named, was proper, as tending to show that it was the nuisance meant by the statute on any day within the time limited for the prosecution ; and what particular day would be of no consequence, so far as the naming of a day in the information is concerned, nor in any other view, unless made so by some specification that would bind the government to the day specified. It is further to be said that if confined to a day certain, it would be proper to give like evidence as tending to show that it was such nuisance on that day.

The prosecution by information is lawful. Our statute, chapter 120, s. 1, has always been supposed to mean that all crimes, except capital, and those of which the punishment exceeds seven years in the state prison, might be prosecuted by information, without regard to any distinction between felonies and misdemeanors, and without regard to the punishment prescribed, provided it did not exceed seven years in state prison, and was not capital. Such has been the construction and the uniform practice under it by all courts, judges, State's attorneys, and lawyers, down to the present case ; and we see nothing in positive law, in legal reason, or in the peculiar character and quality of this case, that should lead the court to treat this case as exceptional, however it may be regarded and treated by respondent's counsel in the presentation of it before this court.

The parts of the charge to which exception is taken are premised by the fact stated, that during the period in question, viz., " for two years or more the respondent was the keeper of the

place, and that it was used as a place of public resort, and there was no evidence that the place was kept by anybody else," &c. The first exception to the charge, as to the time of the offense, has been disposed of in the outset of this opinion. The testimony of Williams, in connection with the existing facts above stated, made Haley the keeper, and guilty of the offense, if that testimony was believed. So that instruction was proper. The facts thus stated, together with what the court told the jury if they should find, would have warranted the court in telling the jury that they would make Haley keeper, without any show of dilution by saying " he should be presumed to be keeper."

The sentence was proper, even if exception had been taken to it, as there was not. The House of Correction is the substitute for jails for all the purposes of punishment and of enforcing the payment of fines, since the House of Correction went into operation under the Act of 1878.

The court is not much affected by the repugnance asserted by counsel to be felt by his client to suffering the penalty denounced by the law against the crime he has committed. As matter of *taste*, as well as of *patriotic virtue*, he was free to consider the subject as it lay before him while he was in the act of defying and violating the law. Such consideration is practically too late for any beneficial purpose to himself in this instance, following, as it does, the conviction and judgment of the law against him for his crime. This class of statutory crime stands for the same consideration, and is subject to the same rules of law, as any other crimes. It is not reasonable, nor will it prove useful, for anybody, either offenders or their defenders, to rely on any supposition they may have at any time hopefully entertained, that the courts will knowingly accord to them benefits of construction and application of statutes and rules of law, that they feel bound to withhold from persons charged with murder, burglary, theft, and from other lower-grade, equally respectable, and less pestiferous criminals. The violator of the liquor laws must submit as gracefully as he may be able, to standing on an equality before the law with any other class of criminals.

Exceptions overruled ; judgment and sentence affirmed, to take effect from to-day, and to be carried into effect upon proper warrant.