CITY OF BROWNWOOD v. W. A. FARMER.

(No. 2514.)

APPEAL from Brown County.   Opinion by WILLSON, J.

*(Transferred from Austin.)*

ROGAN & MAYES, counsel for appellant.

No counsel appeared for appellee.

§ **350.** *City officer not entitled to compensation for services not provided for by ordinance; case stated.*   In April, 1886, appellee qualified as, and entered upon the discharge of the duties of, tax assessor and collector for the municipal corporation of the city of Brownwood. As such officer he assessed the taxable property within the limits of said corporation for the year 1886, and made out and presented to the city council assessment rolls which were received and approved by said council.   The amount of taxable property shown by said rolls was $891,229.   Said rolls were presented to and approved by the city council August 24, 1886.   At the time appellee entered upon the discharge of the duties of said office, and at the time he made said assessment, no compensation for such services had been provided by said corporation.   But on August 10, 1886, the city council enacted an ordinance which provided that the assessor and collector of the city should receive for his services the same commissions as are allowed the county collector and assessor for similar service, etc.   Under this ordinance appellee claimed that he was entitled to receive as compensation for said assessment five per cent. upon the amount of said rolls, to wit, the sum of $445.61, and for this amount he presented his claim to the city council. That tribunal considered that he was entitled to receive only one-third of the amount claimed by him, to wit, $148.54, which amount was paid to him, he receiving it, however, without prejudice to his claim for the full

419

amount.   Upon this state of facts appellee brought this suit to recover the balance claimed by him to be due for said assessment, and alleged said facts in his petition. Appellant demurred to the petition, which demurrer was overruled, and upon a trial of the case appellee recovered judgment as prayed for in his petition.   *Held:* The court erred in overruling the demurrer to the petition.   It presented no legal cause of action.   Officers of a municipal corporation are not entitled to recover compensation for official services rendered by them, when at the time of the performance of said services compensation therefor has not been fixed and declared by the proper corporate authority.   [1 Dillon, Munic. Corp. (3d ed.) § 230; Bogden v. Brookline, 8 Vt. 284; 1 App. C. C. § 75.]

§ **351.** *Construction of city ordinance.*   The correct construction of the ordinance under which appellee claims compensation entitles him to no more than the amount he has already received.   This was the construction placed upon the ordinance by those who enacted it, and who certainly ought to know its meaning.   The ordinance is ambiguous in its language; but when construed in connection with the law of the state to which it refers, and in the light of the facts of the case, we think the interpretation given it by the city council is reasonable and correct.

December 7, 1887.              Reversed and dismissed.