## STATE *v.* EDSON MAGOON.

*Criminal Law.    Larceny.    Information.*

A prosecution cannot be begun by information, when the punishment for the crime charged *may* be by imprisonment in the State Prison for more than seven years, as for grand larceny.

This was an information charging the respondent with the larceny of eight sheep, of the value of three dollars each. To this information the respondent demurred, claiming that a prosecution for this offense could only be begun by indictment. The Court, Orange County, June Term, 1886, Rowell, J., presiding, overruled the demurrer, and adjudged the respondent guilty, to which the respondent excepted.

*Heath & Willard*, for the respondent.

To allow a prosecution for the crime of grand larceny by information is contrary to the statutes of this State. R. L. secs. 1608, 1618.

The exceptions in this case, and the information, together with the Revised Laws, show that the crime with which the respondent is charged is "punishable by imprisonment in the State Prison more than seven years." R. L. sec. 4137.

In determining whether the case comes under the exception in sec. 1618, the question is, not whether this particular instance is finally punished by imprisonment for more than seven years, but whether that offense may be so punished ; whether the accused is in danger of being subjected to imprisonment of more than seven years, if convicted. *Ex-parte* Wilson, 114 U. S. 417, 426.

*John H. Watson, State's Attorney*, and *J. K. Darling*, for the State.

By sec. 1618 R. L., all crimes, except capital and those of which the punishment exceeds seven years in the State prison, may be prosecuted by information. *State* v. *Haley*, 52 Vt. 476.

The punishment for the crime charged in this indictment does not exceed seven years within the meaning of the statute. R. L. sec. 4137.

The opinion of the court was delivered by

Ross, J. The information filed by the State's Attorney against the respondent charged him with having committed the crime of grand larceny. The demurrer to the information brings in question the legal right of the State's Attorney to prosecute that offense by information. The only statute relating to prosecutions by information by State's Attorneys is R. L. sec. 1618, which reads : "State's Attorneys may prosecute by information all crimes except those which are punishable by death, or by imprisonment in the State prison more than seven years." In regard to crimes punishable by imprisonment in the State prison, the natural and plain meaning of the terms of the statute limits the right of the State's Attorney to prosecute by information to those crimes for which the highest penalty prescribed does not exceed a sentence of more than seven years imprisonment in the State prison. The limitation is crimes *punishable*, or which by the provisions of law may be punished not to exceed the time mentioned. So far as advised, this is the construction which has uniformly been placed upon this section of the statute. It has remained upon the statute book unchanged since the enactment of the Revised Statutes of 1839. We do not understand that any different doctrine was attempted to be, or was, enunciated in *State* v. *Haley,* 52 Vt. 476. The expression there used, " and those of which the punishment exceeds seven years in the State prison," is not inconsistent with the holding already announced. The learned Judge who delivered the opinion of the court, in the expression quoted, was not attempting to define whether the seven years limitation of punishment was that prescribed by the statute, or that imposed under the statute. It is a strained and unfair construction of the language used to claim that it means the punishment imposed, rather than the punishment which the statute authorizes the court to impose. Upon conviction of grand

State *v.* Magoon.

larceny, the court may impose a sentence of imprisonment for ten years. R. L. 4137. Inasmuch as the length of the imprisonment is within the judgment and discretion of the court imposing the sentence after the conviction, and after it has become acquainted with the circumstances attending the commission of the crime and with the character of the respondent, it would be absurd to hold that a State's Attorney, by commencing the prosecution by information, could limit the right and power of the court to a sentence of seven years imprisonment, when the express statute has placed no such limitations upon the court's right and power. This would confer upon State's Attorneys a right which the Legislature never intended. This view of the right and power of State's Attorneys to prosecute by information is determinative of this case in favor of the respondent.

Considerable was said in argument in regard to the constitutional provisions, State and National, in regard to prosecutions by information of crimes which were infamous at common law. Prosecution by information of the highest crimes, in fact of all crimes, was authorized by statute from 1819 to 1839. Since 1839 the present statute has been in force. Remembering that prosecutions by information have been thus authorized by statute from a time reaching back to a period when many of those who framed and adopted our present constitution were living, and that these statutes have been acted upon, unquestioned, for nearly seventy years, it would not be profitable to consider this contention of the respondent in a case the decision of which renders its consideration immaterial.

*The respondent's exceptions are sustained, the judgment of the County Court is reversed, the information adjudged insufficient, and quashed, and the respondent discharged.*