COLTON & MORE *vs.* THE CITY OF MONTPELIER.

May Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed July 21, 1899.

*Constitutional Law—Power of Taxation.*—V. S. 365, exempting certain manufacturing establishments from taxation for a term of years if the town so votes, is not in contravention of c. 1, Art. 9 of the constitution of Vermont, declaring that "no part of any person's property can be justly taken from him or applied to public uses without his own consent or that of the representative body of the freemen," and that the people are not "bound by any law but such as they have in like manner assented to for their common good."

*Delegation of Legislative Power.*—Such section is not a delegation of legislative power, but a permission to the town to avail itself of the privileges of the statute.

*Taxation—Delegation of Legislative Power.*—Moreover if it were a delegation of the power to tax, which includes the power to exempt, such delegation is legal when not prohibited by the constitution; and it is not prohibited by the constitution of Vermont.

*Exemption Applies to Rented Property.*—The primary object of V. S. 365 is not to aid private persons, but to benefit the public by increasing the resources of the State and its taxable property through the establishment of new industries. Hence, it is no objection that the building and machinery in question were occupied and used by tenants and not by the plaintiffs themselves.

ASSUMPSIT. Plea; general issue.  Upon an agreed statement of facts, at the March term, 1899, Washington county, *Thompson*, J., presiding, a *pro-forma* judgment was rendered for the defendant.  The plaintiff excepted.

*Edward H. Deavitt* for the plaintiff.

*Fred P. Carleton* for the defendant.

THOMPSON, J.  Plaintiffs' property in question was exempted from taxation for five years by vote of the defendant at a meeting legally warned.  This vote was taken under V. S. 365.  The defendant contends that this statute is unconstitutional, because it is a delegation by the legislature of its authority to tax or exempt from taxation, and because it is in violation of the letter and spirit of Art. 9 of the bill of rights.  If void for either of these reasons, the vote of the defendant is also without effect.

Unless prohibited by constitutional restrictions, the legislature may confer the taxing power upon municipalities in such measure as its deems expedient, to the same extent as the State possesses it.  2 Dil. Municipal Corp. (3rd ed.) § 740.  The power to tax includes the power to exempt, unless specially prohibited by the constitution.  The right is supposed to be exercised on reasons of state policy, and presumptively such exemptions contribute to the general public benefit.  Cool. Taxation, 145.  If the State can confer the power to tax, it can confer the power to exempt from taxation, to the same extent to which it may exercise that power.  Hence, if V. S. 365 were construed as a delegation of the power therein named, to the municipality, it would not be unconstitutional, as such delegation is not prohibited by the constitution of Vermont.  But it is not necessary that a legislative act should take effect at the time it leaves the hands of the legislative department, in order to have it complete, affirmative legislation.  Its operation may be made to depend upon some subsequent event, and yet it may have passed through all the consti-

tutional formalities necessary to perfected legislation. Cool. Cons. Lim. (4th ed.) 142. *Bancroft* v. *Dumas*, 21 Vt. 456; *State* v. *Parker*, 26 Vt. 357. Such a statute is V. S. 365. It is left for the town or city to say whether it will avail itself of the privilege conferred by the law to encourage manufactures or not. When it legally votes to exempt for a stated time, from taxation, property enumerated in that section, it thereby brings such property within the scope of the law, but it neither adds to nor takes from the statute, by such vote. In *Richardson* v. *City of St. Albans*, heard and decided at the January term, 1899, and to be reported in the 72 Vt., it was claimed that property exempted from taxation by a vote of the city of St. Albans, under § 365, was not exempted by the laws of this State. It was held that whether the exemption was by the act of the legislature, or by the vote of the body to which it had delegated its authority in that behalf, nevertheless the exemption was by virtue of the law of the State. This was in effect a holding that whichever of the views under discussion was adopted, the section is constitutional. A further examination of the authorities confirms that view.

The general right to make exemptions is involved in the right to apportion taxes, and must be understood to exist n the supreme legislative power, unless expressly forbidden. Cool. Taxation, 145; 1 Dest. Tax. 124. Art. 9 of the bill of rights does not abridge this power. It has never been construed to abridge the power of the legislature on this subject. On the contrary, throughout the entire legislative history of this State, the power of the legislature to declare what property should be exempt from taxation, has been recognized and exercised. Thus a practical interpretation has been given to Art. 9, contrary to that for which the defendant contends. An interpretation of the constitution and bill of rights, contemporaneous with their adoption, practiced and acquiesced in for such a length of time as conclusively fixes their construction has a judicial deter-

mination to the same effect. *Stuart* v. *Laird*, 1 Cranch 299; *Martin* v. *Hunter*, 1 Wheat. 304; *Cohens* v. *Virginia*, 6 Wheat. 264; *Cooley* v. *Philadelphia Port Wardens*, 12 How. 299; *Pollock* v. *Bridgport Steamboat Co.*, 114 U. S. 411; Cool. Con. Lim. (4th ed.) 81–86; *Huntington* v. *Bishop*, 5 Vt. 186; *State* v. *Keyes*, 8 Vt. 57; *State* v. *Bosworth*, 13 Vt. 402; *State* v. *Haley*, 52 Vt. 476; *State* v. *Magoon*, 61 Vt. 45; *Hall* v. *Armstrong*, 65 Vt. 421; *Boyden* v. *Brookline*, 8 Vt. 284; *Rogers* v. *Goodwin*, 2 Mass. 475; *Packard* v. *Richardson*, 17 Mass. 122. It is, therefore, apparent that V. S. 365 is not unconstitutional for either of the reasons urged by the defendant.

The building and machinery of the plaintiffs exempted by the vote of the defendant, are of the kind and value which may be exempted from taxation for a term of years, under the provisions of § 365. The plaintiffs have never used and operated this property themselves for manufacturing, but they erected the building and furnished the machinery, to have the same used for that purpose, and the same has been so used by their tenants during the time in question. The defendant contends that the building and machinery in question are not within the provisions of § 365, because they were not built and furnished to be used and operated by the plaintiffs, themselves, for manufacturing, and because the same have not been so used and operated by them. There is nothing in the expressed terms of § 365 which limits the power to exempt a manufacturing establishment, machinery, appliances and buildings necessary for the prosecution of the business, to such property as is actually used and operated by the owner thereof for manufacturing, during the time of the specified exemption. The primary object of this statute is not to aid and benefit private persons for private ends, but its purpose is to benefit the public at large by increasing in the end, the resources of the State and its taxable property, through the establishment of new industries. This end is as effectually attained by the

erection of such establishments and buildings and the furnishing of such machinery and appliances, to be used and operated by tenants, as would be the case were the same used and operated for a like purpose by the owner thereof. Without the opportunity to rent such plants, it is apparent that persons with capital sufficient to carry on a successful business therein, but unable financially to erect such plants, would be deterred from engaging in manufacturing, while with an opportunity to rent, they would develop new industries. On the other hand, it is conceivable that capitalists might take the risk of building a manufacturing plant if they could rent the same and have the benefit of the exemption for a time, when they would not make the investment were they compelled to operate it themselves in order to have the benefit of such exemption. The object the legislature sought to promote by this statute was the development of new industries of the character specified in § 365, by exempting the property therein specified. This purpose will be effectuated by so construing it as to include property of the character of the property in question. To hold otherwise would defeat the clearly expressed intent and purpose of the legislature. We therefore hold that the plaintiffs' property comes clearly within the letter and the spirit of the property which may be exempted from taxation under § 365.

> *The pro-forma judgment is reversed, and judgment for the plaintiffs to recover thirty-six dollars and interest thereon from September 29, 1898, and their costs.*