RICHARD B. SPAULDING ET UX. *v.* CITY OF RUTLAND.

November Term, 1938.

Present: MOULTON, C. J., SHERBURNE, BUTTLES and STURTEVANT, JJ.

Opinion filed January 3, 1939.

*Vernon J. Loveland,* City Attorney, for the defendant.

*Jones & Jones* for the plaintiff.

BUTTLES, J. The plaintiffs in this suit in chancery seek a declaratory decree determinative of their rights, if any they have, under a certain tax exemption vote of the City of Rutland. At the annual city meeting held March 3, 1936, this question was regularly submitted to the voters for decision: "Shall any manufacturing establishment or establishments acquiring the property of the Yorke Shirt Company, situated on Cleveland Avenue in this city, and the machinery, capital and personal property used in such business, be exempted from taxation for a period of five (5) years, provided that employment be maintained therein for not less than forty people?" This question was answered by the voters in the affirmative. Thereafter, on April 20, 1936, these plaintiffs purchased the property of the Yorke Shirt Company on Cleveland Avenue, which consisted of a large factory building assessed at $14,500, land assessed at $2,000, machinery assessed at $1,500, and a house assessed at

$1,000. Some months later the plaintiff rented the upper floor and attic of the factory building to the Marvel Underwear Company, who came to Rutland and began operating a manufacturing business therein. This company had the premises rent free from August, 1936, till January, 1937, and thereafter paid rent at the rate of one hundred dollars per month, which was a low rate in that section for the accommodation furnished. The lower floor and basement of the building were and still are leased to W. C. Landon Company, Inc., for a business which is not claimed to be a manufacturing enterprise.

██ That a portion of the building was occupied and used by a business which is not claimed to be entitled to exemption is immaterial to our inquiry here, since the part so occupied was not separated from the part claimed to be entitled to exemption. Where a tax is assessed upon property, a part of which is exempt and a part is not, and there is no way to distinguish the exempt from the taxable, the whole is exempt. *Town of Orange* v. *City of Barre,* 95 Vt. 267, 272, 115 Atl. 238; *Scott* v. *St. Johnsbury Academy,* 86 Vt. 172, 174, 84 Atl. 567; *Johnson v. Jones,* 86 Vt. 167, 171, 83 Atl. 1085.

The Marvel Underwear Company continued to operate a manufacturing enterprise in the building and after Jan. 1, 1937, they continuously employed therein considerably more than forty people. The city now refuses to allow the tax exemption voted in March, 1936, as to any of the real estate so purchased by the plaintiffs from the Yorke Shirt Company, and the question here at issue is whether these plaintiffs are entitled to such exemption on any or all of said property. The decree below allowed them the exemption as to the factory building and on exceptions thereto and to certain evidence admitted during the hearing before the chancellor and to one finding of fact the defendant comes to this Court.

██ It is not questioned but that tax exemptions of this class are governed by the law of contracts. The vote of the city was the offer and if and when regularly accepted and acted upon it became a valid contract, provided the conditions and requirements were complied with. *Caverly-Gould Co.* v. *Springfield and Alexander,* 83 Vt. 396, 399, 76 Atl. 39; *Rixford Mfg. Co.* v. *Town of Highgate,* 102 Vt. 1, 4, 144 Atl. 680. No claim is made that in voting the exemption previously noted the city

exceeded the authority given to it by P. L. sec. 594. The constitutionality of this section has several times been sustained. *Rixford Mfg. Co.* v. *Town of Highgate, supra; Colton & More* v. *City of Montpelier,* 71 Vt. 413, 414, 415, 45 Atl. 1039; *Caverly-Gould Co.* v. *Springfield and Alexander, supra,* at page 403, 76 Atl. 39. The defendant excepts to the decree because, it says, in effect, the defendant's offer of tax exemption was open only to people who should acquire the property and should also themselves operate a manufacturing establishment therein. It is not claimed that the plaintiffs engaged personally in the manufacturing business.

In *Colton & More* v. *City of Montpelier, supra,* a tax exemption was voted by the defendant to property of the plaintiffs. The building and machinery claimed to be exempt by reason of such vote had never been used and operated by the plaintiffs for manufacturing purposes, but they erected the building and furnished the machinery for the purpose of having it so used by others, and the same was so used by their tenants during the time in question. The defendant contended that the building and machinery were not within the provisions of V. S. 365, now P. L. 594, because they had not been used by the plaintiffs themselves for manufacturing. But this Court held otherwise, saying in part: "There is nothing in the expressed terms of Section 365 which limits the power to exempt a manufacturing establishment, machinery, appliances and buildings necessary for the prosecution of the business, to such property as is actually used and operated by the owner thereof for manufacturing during the time of the specified exemption. The primary object of this statute is not to aid and benefit private persons for private ends, but its purpose is to benefit the public at large by increasing, in the end, the resources of the State and its taxable property, through the establishment of new industries. This end is as effectually attained by the erection of such establishments and buildings and the furnishing of such machinery and appliances, to be used and operated by tenants, as would be the case were the same used and operated for a like purpose by the owner thereof. * * * * The object the Legislature sought to promote by this statute was the development of new industries of the character specified in section 365, by exempting the property therein specified. This purpose will be

effectuated by so construing it as to include property of the character of the property in question. To hold otherwise would defeat the clearly expressed intent and purpose of the legislation." And in *Caverly-Gould Co.* v. *Springfield and Alexander*, 83 Vt. 396, 400, 401, 402, 76 Atl. 39, this Court held that the statute in question did not bar the orator from continuing to enjoy the exemption which had been voted, even though it had ceased to do business and had rented its plant to another existing corporation which carried on a different manufacturing business therein, and was not itself entitled to exemption.

The situation of the plaintiffs in the present case is very similar to that of the plaintiffs in *Colton & More* v. *Montpelier, supra*, except that here instead of erecting a new building the plaintiffs purchased and repaired one already in existence. To be sure the question here is the scope of the exemption vote rather than of the enabling statute, but the reasoning in the Colton & More case is quite applicable here. In the one case as in the other the statute is broad enough to include the plaintiffs' property and warrant its being included within the exemption voted. We come to the question whether, in the present case, the exemption voted was intended to be and was as broad as the statute warranted, except for the obvious restrictions as to the term and the number of people required to be employed.

A statute providing for exemption from taxation is to be strictly construed, and no claim for exemption can be sustained unless within the express letter or the necessary scope of the exemption clause. *Rixford Mfg. Co.* v. *Town of Highgate*, 102 Vt. 1, 5, 144 Atl. 680; *Town of Sheldon* v. *Sheldon Poor House Association*, 100 Vt. 122, 130, 135 Atl. 492; *In re Hickok's Estate*, 78 Vt. 259, 262, 62 Atl. 724, 6 Ann. Cas. 578; *Knox College* v. *Board of Review*, 308 Ill. 160, 139 N. E. 56, 35 A. L. R. 1041, 1044. But, as is said in *Y. M. C. A. of Lincoln* v. *Lancaster County*, 106 Neb. 105, 111, 182 N. W. 593, 595, 34 A. L. R. 1060, 1064, "The rule does not call for a strained construction adverse to the real intention, but the judicial interpretation of such a statute should always be reasonable." *Brattleboro Retreat* v. *Town of Brattleboro*, 106 Vt. 228, 239, 173 Atl. 209. Since the vote of the municipality is merely a part of the legislative process delegated to the municipality for the purpose of

determining whether the statute shall be applied, and if so to what extent, to the case in hand, the same rules of construction should be applied to the vote of the municipality as to the statute. The use of the term "manufacturing establishments" in the statute in conjunction with "quarries" and "mines" indicates that it was the property rather than the owner which might be exempted from taxation, and the several decisions of this court construing the section bear out that interpretation. *Rixford Mfg. Co.* v. *Town of Highgate, supra*; *Bixby* v. *Roscoe et al.*, 85 Vt. 105, 81 Atl. 255; *Caverly-Gould Co. v. Springfield and Alexander, supra.*

Obviously the vote of the city limits the exemption offer to a period of five years instead of ten. It also restricts the offer by the condition that "employment be maintained therein for not less than forty people." Except for these limitations we think it was the intention of the voters to make the exemption offer as broad as the authorization of the statute, even though the proposition which was submitted to the voters may have been somewhat lacking in clarity. The defendant contends that under the proposition as voted the offer could be accepted only by persons or an organization which should (1) acquire the property of the Yorke Shirt Company, and (2) themselves conduct therein a manufacturing business employing the required number of people. This interpretation may be possible if the strictest possible construction be placed on the words of the offer, but we think such an interpretation would be "a strained construction adverse to the real intention" of the voters.

Prior to the time this vote was taken the Yorke Shirt Company, which had theretofore conducted a manufacturing enterprise in the plant in question, had suspended business and it was the apparent desire of the voters to induce someone else to take over the property and again conduct a manufacturing business therein which would employ forty or more people. As an incentive to someone to do this the voters made the general offer which was embodied in the vote of March 3, 1936. On April 20th following these plaintiffs purchased the property and, it appears, have attempted to comply with the tax exemption offer. In August of the same year they rented a portion of the factory building consisting of the two upper floors with entrance and

right to elevator service to the Marvel Underwear Company, who came to Rutland and set about establishing a manufacturing business. By Jan. 1, 1937, this company employed more than forty people in this factory, and ever since then it has employed at least two or three times the required number. Free rent was given the tenant until Jan. 1, 1937. After that a lease was executed which required the payment of rent at the rate of one hundred dollars per month—a lower rental than that usually charged for similar accommodations at comparable locations in the City of Rutland. Thus the city received more than the advantage for which it had bargained in the exemption vote. The plaintiff had complied with the terms and conditions of the offer or caused them to be complied with. We cannot see that it would make the slightest difference to the city or the voters whether this was done by the plaintiffs themselves conducting the required manufacturing business, or by hiring servants who should conduct the business, or by securing a tenant who should do so. The maxim *"Qui facit per alium facit per se"* might well be applied. We think the plaintiffs have complied with the letter and spirit of the exemption offer and the decree is free from error.

 The defendant objected and excepted to certain evidence which was received by the chancellor tending to show that some repairs were made to the building by the plaintiffs for the benefit of their tenant, and also to the reception of certain evidence tending to show the details of the negotiations between the plaintiffs and the Marvel Underwear Company leading to the renting of the property, on the ground that Mr. Spaulding's understanding of the exemption vote was immaterial. If the reception of this evidence was error it was harmless, since there was other evidence which was undisputed and which, in the view we take of the matter, clearly showed acceptance by the plaintiffs of defendant's offer, and compliance with the terms and conditions thereof. The defendant also complains of certain findings which are based upon the evidence last above referred to. The findings are clearly supported by that evidence and must be equally as harmless as the evidence upon which they are based.

 The defendant objected and excepted to the following finding of the chancellor: "I find that the said factory

building, assessed at fourteen thousand five hundred dollars, comes within the said tax exemption vote of March 3, 1936." This, the defendant says, is not a proper finding of fact but rather an opinion or conclusion of law. We think the statement is, in part at least, a finding of fact. Other property was conveyed to the plaintiffs by the Yorke Shirt Company and it was necessary to identify the exact property held to be within the tax exemption. See *Vermont Marble Company* v. *Eastman*, 91 Vt. 425, 447, 101 Atl. 151. Under the circumstances of this case, however, the statement is free from error whether it be regarded as a finding of fact or as a conclusion of law or as a mixture of the two. In its factual aspect it is supported by the testimony of Mr. Spaulding and the concessions of the parties, which is, of course, the extent of the inquiry that is open to us in regard to a finding of fact. *White River Chair Co.* v. *Conn. River Power Co.*, 105 Vt. 24, 35, 162 Atl. 859; *Peck* v. *City Trust Co.*, 104 Vt. 20, 26, 156 Atl. 403; *Houghton et al.* v. *Grimes*, 100 Vt. 99, 105, 135 Atl. 15. If the statement is a conclusion of law it is within our province to inquire whether the law applied is sound, and also whether there are findings of fact which support the conclusion reached. *Village of Hailey* v. *Riley*, 14 Idaho, 481, 95 Pac. 686, 17 L. R. A. (N. S.) 86, 94; *Nolan* v. *New York, N. H. & H. R. R. Co.*, 70 Conn. 159, 39 Atl. 115, 120, 43 L. R. A. 305. Suffice it to say that we find no error in the law as applied by the chancellor, and no shortage of the findings of fact to support the legal conclusion.

*Decree affirmed.*