## In re McCoskey's Estate.

*(Surrogate's Court, New York County.   June 23, 1888.)*

CORPORATION—TAXATION—FOREIGN CORPORATION—"COLLATERAL TAX ACT."

Under the New York "collateral tax act," providing that all property which shall pass by will from any person who may die seized or possessed of the same, while a resident of this state, to any body, politic or corporate, other than to the societies, corporations, or institutions now exempted by law from taxation, shall be subject to a tax of five dollars on every hundred dollars of such property, to be paid to the treasurer of the proper county, a legacy to a college located in and incorporated under the laws of another state is subject to such tax.

On report of appraiser.

*Manley A. Raymond,* for executor of Catherine M. McCoskey.   *Brownell & Lathrop,* for Williams College.

RANSOM, S.   The question to be answered in this proceeding involves the construction to be given to the collateral tax act in respect of liability to the tax on gifts, legacies, etc., passing by the will of a resident of this state to "the societies, corporations, and institutions now exempted by law from taxation," where, as in this proceeding, such "corporation" is a non-resident, created by the statute law of a foreign state, and by such statute law exempted from taxation.   To present the question sharply, it may be admitted that if the legacy which by the will of this decedent had passed to a corporation similar to this legatee, resident in this state, and organized and existing under and in pursuance of the laws of this state, the legacy would not be subject to the tax; that is to say, such legacy would be "exempted" by law from taxation.

Did the legislature intend to include such foreign corporations in the exempted class named in section 1 of the act under consideration?   I am unable to so hold.   I have given a deal of time to the consideration of this collateral tax act, and have been much annoyed and puzzled by its provisions.   That part of it bearing upon the question here has tormented me not a little.   I am greatly gratified that the appellate court has at last this precise question before it, most ably and fully argued on both sides.   I refer to the case of *Catlin* v. *St. Paul's Church, post,* 808.   No doubt we shall in due time have the decision of the court of appeals in that case, which will instruct and enlighten us all, and set at rest all the doubtful and perplexing questions arising under this wretchedly drawn act.   Very much has been said, and well said, in the argument and able briefs submitted to me in this proceeding, and I am frank to say that the more I hear and the more I read and study the act, and the numerous authorities cited *pro* and *con,* the more uncertain I am.   I have, however, reached a conclusion which seems to me just and lawful.   Statutes should be strictly construed, in my judgment, always at least by trial courts. Interpolating words, or striking them out, in order to square the act with the construction given, perverting the ordinary meaning of language used by enlarging or restricting it, if ever allowable, should not be resorted to by a court of first impression.   Such liberty taken with a statute is akin to legislation; and I need not suggest, the courts are absolutely prohibited from exercising legislative functions.   This statute should be, in my view, strictly construed for another reason, not only by me, but by courts of appellate jurisdiction, because it is claimed here that its provisions mean that the property passing by the will of this decedent to this legatee is "exempted" from a duty and tax imposed upon certain other less favored persons, as, for instance, a nephew or niece, although kin of the decedent, and mayhap an actual resident of this state, shall pay this duty and tax as a condition of receiving his benefaction under the will; whereas this legatee, a foreign corporation, neither named, nor, to my mind, thought of, by the law-makers, shall go free in virtue simply of the force of statutes of a foreign state, relieving it there for reasons of in-

ternal policy from taxation. Comity between states certainly does not help this legatee. Comity means, generally, reciprocity, and there are no reciprocal relations on this subject between New York and Massachusetts. The notion that a foreign corporation of a class "exempted" by our laws from taxation shall therefore be entitled to receive rich endowments by the will of a resident of this state, whose accumulations were made under the protection of our laws, and thus making it possible for him to make the gift, without taking therefrom a duty and tax to be used towards the expense of maintaining our state government, is to me repugnant to every consideration of natural justice, and violative of all rules of common sense. Statute law, however, is too often in the very face of both. All property within the jurisdiction of this state may be subjected to tax. All is subject to tax except it be exempted therefrom; and no authority need be cited for this proposition, nor for this: that every statute of exemption must be strictly construed. Our own court of appeals has given us a plain, just, and sensible rule many times over for our guidance in construing all statutes, viz.: "In construing any statute, the intention of the law-makers must be sought for. That is the grand central light in which all statutes must be read. The intention, however, is to be sought for in the language used; but, for the purpose of understanding the language, the object the law-makers had in view, and the motives which moved them to enact the law, may be considered." *Iron Co.* v. *Alger*, 54 N. Y. 173–175. Under this plain rule the courts must construe this collateral tax act; and with respect to the question now under consideration, did the law-makers intend that this legatee, Williams College, of Williamstown, Mass., should be exempted from the tax? I think not. The very words of the act are: "All property which shall pass by will * * * from any person who may die, seized or possessed of the same, while a resident of this state, * * * to any * * * body, politic or corporate, * * * other than to * * * the societies, corporations, and institutions now exempted by law from taxation, * * * shall be and is subject to a tax of five dollars on every hundred dollars * * * of such property, to be paid to the treasurer of the proper county." I hold that this language plainly imports the intention of the law-makers to be that corporations, etc., "exempted by law," are all corporations named specifically or by general description in our statutes as exempted. A foreign corporation cannot claim, of course, to be "exempted" from taxation by express provision of our laws. It is only such corporations as are the creatures of our laws, created by them, and subject thereto,—even the repeal of their charters being possible by our legislature; their very life dependent upon the will and pleasure of the law-making power, —that are intended to be relieved from the payment of this tax. It is such corporations that are "exempted." If the law-makers had said "the societies, corporations, etc., now exempt by law," etc., it might have been more plausibly argued that it was the intention of the law-makers to exempt all corporations, wheresoever organized and existing, of the same class as those organized and existing under our own statutes, the property of which, by the terms of the act, is not subject to taxation. The question is, what property is subject to the tax? Certain-named societies and corporations now (at the taking effect of the act) exempted by law shall not be liable to the tax; or, to speak more precisely, property passing by will, etc., to them shall not be subject to the tax. What "law" is meant? I believe the legislature meant the law of New York, not the law of Massachusetts or of any other state. The legislature meant just what it plainly said in this regard. The laws of New York do not govern this college in the slightest degree. Her laws do not exempt it from taxation. The immunity it enjoys in that regard is accorded to it by the law of its domicile. The power that created it alone can extend or restrict its privileges. This college owes no duty, no allegiance, to this state, nor does this state owe it any protection whatever. To my mind this legatee is

bound to pay this tax by the plain provisions of the act, and above and be-
yond that, by obligations founded upon the plain, simple principles of fair
play and even justice.    Let an order confirming the report of the appraiser be-
handed up.