# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

---

*In re* ESTATE OF FANNIE SPEED, Deceased.

*Opinion filed June 23, 1905.*

1. STATUTES—*rule for construing statute conferring privileges on corporations.* A statute granting powers, privileges or immunities to corporations must be held to apply to domestic corporations only, unless the intent to make it apply to foreign corporations also is clearly expressed in the terms of the act.

2. INHERITANCE TAX—*tax is not laid upon the property itself.* An inheritance or succession tax is not laid upon the property inherited or devised, but upon the right to take the property by descent or devise, which is a right owing its existence to the authority of a legislative enactment and subject to legislative abrogation or regulation.

3. SAME—*right of the legislature to make distinctions between classes.* In levying an inheritance or succession tax the legislature may make it applicable to one class of persons or corporations and inapplicable to another class, provided the tax is uniform as to the class upon which it operates.

4. SAME—*amendatory act of 1901 does not apply to foreign corporations.* The amendatory act of 1901, (Laws of 1901, p. 269,) exempting from inheritance tax property devised to the use of a religious, educational or charitable corporation having no power to make dividends or distribute profits, does not apply to corporations organized under laws of other States.

5. CONSTITUTIONAL LAW—*act of 1901, exempting certain corporations from inheritance tax, not unconstitutional.* The act of 1901, exempting from inheritance tax property devised to the use of religious, educational or charitable corporations, does not violate the constitutional rule of uniformity of taxation by reason of its failure to extend the immunity to foreign corporations.

6. SAME—*a corporation is not a "citizen" within constitutional meaning.* A corporation is not a citizen within the meaning of section 2 of article 4 of the constitution of the United States, declaring the citizens of each State to be entitled to the privileges and immunities of citizens of the several States, nor within the meaning of the fourteenth amendment.

7. SAME—*when foreign corporation is not a person within the jurisdiction of a State.* A foreign corporation is not, as to any other State than that where it was created, a "person within its jurisdiction," within the meaning of the fourteenth amendment, until it has complied with the laws of such State authorizing it to do business there.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

CHARLES H. ALDRICH, and HENRY S. McAULEY, (LAWRENCE MAXWELL, Jr., of counsel,) for appellant.

W. H. STEAD, Attorney General, (MERRITT W. PINCKNEY, and E. M. ASHCRAFT, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Fannie Speed, deceased, late a citizen and resident of the State of Kentucky, by her last will and testament devised certain real estate in the city of Chicago to the Board of Education of the Kentucky Annual Conference of the Methodist Episcopal Church, a corporation organized under and existing by virtue of the laws of the State of Kentucky, with power to form an educational fund, to be styled the "Centenary Educational Fund," for the promotion of literature, education, art, morality and religion within the bounds of said conference, to be held and used exclusively for educational and religious purposes in the State of Kentucky, and

it was stipulated that said corporation is not permitted to make dividends or distribution of profits or assets among its members or stockholders, and that said corporation does not have or maintain an office in the State of Illinois or engage in educational or religious work therein. The county court of Cook county ruled that under the provisions of "An act to tax gifts, legacies and inheritances in certain cases, and to provide for the collection of the same," approved June 15, 1895, and the act amendatory thereof approved May 10, 1901, said board of education was liable to pay the sum of \$6280.50 as a succession or inheritance tax on the right to take the property under said devise. This appeal questions the correctness of that ruling.

The amendatory act of 1901 was adopted for the purpose of relieving certain bequests, devises or gifts from the operation of the original act of 1895. The amendatory act reads as follows: "When the beneficial interests of any property or income therefrom shall pass to or for the use of any hospital, religious, educational, bible, missionary, tract, scientific, benevolent or charitable purpose, or to any trustee, bishop or minister of any church or religious denomination, held and used exclusively for the religious, educational or charitable uses and purposes of such church or religious denomination, institution or corporation, by grant, gift, bequest or otherwise, the same shall not be subject to any such duty or tax, but this provision shall not apply to any corporation which has the right to make dividends or distribute profits or assets among its members." (Hurd's Stat. 1901, p. 1512.)

There is nothing in this amendatory act to indicate that it was the legislative intent that its provisions should apply to corporations created under the laws of a sister State. It is a universally accepted rule of construction that an act of the General Assembly of a State granting powers, privileges or immunities to corporations must be held to apply only to corporations created under the authority of that State over which such State has the power of visitation and control,

unless the intent that the act shall apply to other than domestic corporations is plainly expressed in the terms of the act. DosPassos on Inheritance Tax Law, (2d ed.) sec. 36; *People* v. *Western Seaman's Friend Society,* 87 Ill. 246; *Baille's Estate,* 38 N. E. Rep. 1007; *Humphrey* v. *State,* 70 id. 957.

The appellant board contends that the amendatory act of 1901, if construed as having operation only to exempt corporations organized under the laws of the State of Illinois, is inconsistent with the principles of taxation established by sections 1 and 2 of article 9 of the constitution of the State of Illinois. Section 1 of article 9 of the constitution of 1870 has reference only to general taxation, and it is conceded in no manner restricts the power of the General Assembly to lay a tax upon the right to succeed to the title to property within the State by inheritance from a deceased owner of such property or by devises and bequests to be found in a will of such deceased owner. It is, however, contended that said section 1 establishes the principle that all taxation shall be uniform as to the class upon which it operates; that section 2 of article 9 limits the power of the General Assembly, when enacting statutes providing for the taxation of other objects or subjects than such as are referred to in section 1, to the extent of requiring that the principles of taxation established by said section 1 shall be observed, viz., that any tax so imposed shall be uniform as to the class upon which it operates. The argument further is: "Uniformity of taxation, as extending to persons or property in the same class, implies, necessarily, uniformity of exemption as to these same persons or property. Lack of uniformity in the latter respect would be destructive of the former," and it is urged in the same behalf that under the construction given to the amendatory section of the Inheritance law, property devoted to educational, religious or charitable purposes is to be subjected to the inheritance or succession tax if the corporation selected to administer the trust is one organized under the

laws of another State than that of Illinois, and that property devoted to the same purposes shall be relieved of the tax if committed to the administration of a corporation created under the laws of the State of Illinois.

Inheritance or succession taxes are not laid on the property inherited or taken by devise or bequest, but on the right to inherit or to take such property. The right to take property in pursuance of the Statute of Descent or of the statute pertaining to wills is property, but only for the reason that the law-making body of the State has seen fit to create the right to so take by inheritance or by devise or bequest. No person or corporation can inherit property or can take by devise or bequest except when authorized so to do by an act of the legislature. Such right may at any time be abrogated prospectively, at the will of the legislature; or, in the exercise of the same power in quality though lesser in degree, the law-making department of the State may modify, regulate or impose conditions on the right to succeed by inheritance or devise to property which was owned by a person who has died. Thus, the power of the legislature to lay a tax on the right of any person or corporation to take property by inheritance or by devise or bequest is found to be clear and undoubted. In laying such a tax the legislature may consider the relation which the person or corporation given the right of succession sustains to the deceased, to the property or to the State, and may regulate the amount of the tax to be required in view of such relation, and in exercising this power may lay a tax on the right of one class of persons or corporations to take and may deem it wise to impose no tax upon the right of other classes of persons or corporations to take. Embraced within the power possessed by the legislature to abrogate the right to take is the power to qualify that right and to impose conditions and burdens upon it. If a burden in the nature of taxation is laid upon the right, the constitutional principle that taxes must be uniform as to the classes upon which they operate must be observed. Subject to this

restriction the legislature may lay taxes upon the right of one class of persons and corporations to succeed to property of deceased persons and exempt the right of other classes of persons or corporations from such taxation.

A clear distinction exists between domestic corporations and corporations organized under the laws of other States. Such corporations fall naturally into their respective classes. Over the one,—that which the State has created,—the State has certain powers of control, and the other is beyond its jurisdiction. Those of its own creation have been endowed with corporate powers for the purpose of subserving the interests of the State and its people; those which have been given life by the laws of a sister State have entirely different ends and objects to accomplish. The law-making power would find many weighty considerations authorizing the classification of foreign and domestic corporations into different classes, and justifying the creation of liability on the part of foreign corporations to pay a tax on the right to take property by descent, devise or bequest, under the laws of the State, and at the same time leaving the right of a domestic corporation so to take, free of any such exaction.

Nor is the amendatory enactment, though so construed as to create a liability against a corporation existing in virtue of the laws of another State to pay taxes on the right to take property by bequest or devise, from the payment whereof home corporations are exempted, in conflict with the first clause of section 2 of article 4 of the constitution of the United States or of the first section of the fourteenth amendment thereto. Said first clause of section 2 of article 4 is as follows: "The citizens of each State shall be entitled to all privileges and immunities of citizens in the several States." Section 1 of the fourteenth amendment reads as follows: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges

or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

It has frequently been declared to be a well established principle of constitutional law that a corporation is not a "citizen," within the meaning of the first clause of section 2 of article 4 of the constitution of the United States, which declares the citizens of each State shall be entitled to all privileges and immunities of citizens of the several States. (*Ducat* v. *City of Chicago,* 48 Ill. 172; *Same* v. *Same,* 10 Wall. 410; 10 Cyc. 150; *Tatem* v. *Wright,* 23 N. J. L. 429; *Pembia Con. Silver Mining Co.* v. *Pennsylvania,* 125 U. S. 181; *Humphrey* v. *State,* 70 N. E. Rep. 957.) It is very clear the word "citizen," as employed in the first section of the fourteenth amendment, has the same meaning as given the word in the first clause of section 2 of article 4 of the constitution. The first sentence of the first section of said fourteenth amendment is devoted to the definition of the meaning of the word "citizen." It declares that all persons born or naturalized in the United States and subject to the jurisdiction thereof are citizens of the United States. The subsequent declaration, preserving unabridged the privileges and immunities of citizens of the United States, has reference only to the natural persons declared to be citizens by the preceding sentence. A corporation is a "person" within the meaning of the concluding clause of the first section of the fourteenth amendment, which declares that no State shall deprive any person of life, liberty or property without due process of law or deny to any person within its jurisdiction the equal protection of its laws. A corporation is a mere creature of the local law whereby it has its existence. It is not a citizen of the United States, and has no right, because of its chartered powers, to exercise corporate power beyond the territorial limits of the State which created it. Any State of the Union may absolutely and entirely exclude corpora-

tions organized under the laws of another State, or may impose such conditions for the admission of foreign corporations within the limits of its jurisdiction as its law-making body may consider to be requisite for the protection of its interests or policies. (*Magoun* v. *Illinois Trust and Savings Bank,* 170 U. S. 283.) Foreign corporations are not "within the jurisdiction" of a State other than that which created them, within the meaning of those words as employed in section 1 of the fourteenth amendment, until they have fulfilled the conditions authorizing their admission into such State. (*Blake* v. *McClurg,* 172 U. S. 239.) The State of Illinois has adopted certain requirements to be complied with by foreign corporations organized for pecuniary profit who desire to transact business within the limits of this State, but we are not aware that authority has been granted by any enactment of the State authorizing a corporation organized, as is the appellant board, by a foreign State, to accumulate funds or income to be used for educational and religious purposes in the State in which such foreign corporation was created, to exercise its chartered powers in this State. The stipulated facts show the appellant board has never engaged in this State in the educational or religious work it was chartered to promote and advance; that it does not maintain and never had an office in this State, and that, in fact, it has no power to devote funds which it may receive to educational and religious purposes beyond the bounds of the limits of the State of Kentucky. It is not a "citizen" of the United States and not a person "within the jurisdiction of the State" of Illinois, and hence cannot invoke the benefit and protection of the provisions of the Federal constitution here under consideration.

The judgment is affirmed.        *Judgment affirmed.*