In the matter of the collateral inheritance tax on the estate of SIMON ROTHSCHILD, deceased.

[Decided April 24th, 1906.]

1. The exemptions in favor of charitable institutions from the tax directed to be imposed by the Collateral Inheritance Tax law of 1894, cannot be claimed by corporations, although of charitable character, which have obtained their corporate existence under the law of other states, unless they are such as are entitled to exemption under the supplement to that act passed in 1898. The decision in this court in *Alfred University* v. *Hancock, 69 N. J. Eq. 470*, followed.

2. A bequest to a corporation, of its debenture bonds, passes property to the legatee, and the bonds may be assessed at their market value.

3. Whether a corporation of a foreign state may claim exemption from the tax under the provision of the supplement of 1898 depends upon whether it has actually acquired corporate powers for purposes and objects which entitle to such exemption, that the legislation under which incorporation was obtained permitted the acquisition of corporate powers for objects which would have exempted, will be of no avail.

4. When a testator, by his will, passes his residuary estate to his brother, and by a codicil directs him to pay C. L. $1,000 a year for life, and to execute to her an obligation to that effect, the annuity to C. L. was a charge on the residue, and property therein passed, which may be taxed at its present worth.

---

On appeal from Monmouth county orphans court.

*Mr. John M. Enright,* for the appellant.

*Mr. Edward D. Duffield,* assistant attorney-general, for the state.

MAGIE, ORDINARY.

This is an appeal from an order of the orphans court of Monmouth county affirming the appraisal and assessment of the surrogate of that county in respect to certain legacies given by the will of Simon Rothschild, deceased, a resident of that county, under the provisions of the act entitled "An act to tax intestates' estates, gifts, legacies, devises and collateral inheritances in certain cases," approved May 16th, 1894. *P. L. 1894 p. 318.*

No objection has been interposed to the jurisdiction of this court to review the order of the orphans court, and such orders have been heretofore reviewed on appeal. *Alfred University* v. *Hancock, 69 N. J. Eq. 470; Hoyt* v. *Hancock, 65 N. J. Eq. (20 Dick.) 688; In re Vineland Historical Society, 66 N. J. Eq. (21 Dick.) 291.*

The assessments complained of relate to impositions of the tax in respect to various legacies given by said will, and appellant's counsel properly admits that the legatees affected thereby may be divided into three classes.

One class of such legatees consists of corporations to whom legacies of various amounts are bequeathed, and which, by the stipulation of counsel presented to the orphans court, appear to be charitable institutions, which would be the subject of the exemptions specified in section 1 of the Collateral Inheritance Tax law if they were corporations obtaining their corporate existence and functions under the laws of this state. But it is conceded that each one of them is a corporation of the State of New York, and not of this state. They therefore fall within the doctrine declared in this court in *Alfred University* v. *Hancock, 69 N. J. Eq. 470,* which construed the exemption in question as applicable only to charitable institutions created by our laws. The argument of appellant's counsel is, in this respect, directed to questioning the propriety of that decision. Every court may, doubtless, review and overrule its decisions in previ-

ous cases. No decision should be overruled except upon the
clearest establishment of error, and when the overruling may
not do serious wrong. But the decision in the case referred to
was made ten years ago. Assessments have, doubtless, since been
made upon its doctrine. It ought not to be now overruled except
on the clearest grounds. The decision follows pertinent deci-
sions in other states under similar laws, and I find no reason to
question its entire accuracy. If erroneous, it must be so pro-
nounced in a reviewing court.

One of this group, "The Hebrew Benevolent and Orphan
Asylum," was the legatee, under testator's will, of four of its
own debenture bonds, which had been subscribed for and which
had been held by testator. Under the evidence before the
orphans court the valuation of these bonds was held to be ex-
cessive and was reduced to an amount found to be the market
value thereof.

But it was contended in the orphans court, and the contention
is repeated here, that no assessment could be made upon this
gift. It is insisted that such a gift only released to a debtor
evidences of his debt held by his creditor.

What may be taxed under the Collateral Inheritance Tax law
is property which passes by will, if not within the exemptions
therein specified. The debenture bonds in question were the
property of testator. When he bequeathed them to the asylum
the property passed from him to it. It might cancel the bonds,
and so relieve itself of the obligation they evidenced, or it might
probably transfer them to anyone who might be willing to pay
their value. In my judgment, the tax upon their value was
properly imposed.

One other of the legatees is claimed to be exempt because
of the provisions contained in the supplement to the Collateral
Inheritance Tax act, approved May 15th, 1898. *P. L. 1898 p.
106.* By this act, corporations organized for certain specified
objects, whether organized under the laws of this or any other
state, are accorded exemption from this tax.

The legatee in respect to which this exemption is claimed
is shown to have acquired its corporate existence and powers
under an act of the State of New York, the terms of which

permitted incorporation for various objects. The acquisition of corporate powers for certain of the permitted objects would probably bring the corporation within the exemption of the supplement. The acquisition of corporate powers for other of the permitted objects would not bring the corporation within the exemption. But the obvious test of exemption is not incorporation under an act permitting incorporation for objects that would exempt, but incorporation for objects that entitle to exemption. An examination of the objects and purposes for which this corporation has acquired its powers does not disclose them to be such as exempt under this legislation.

The remaining question is whether any property passed to Cora Lindhauer, by said will, which may be taxed under said act.

By the testator's will all his residuary estate was left to his brother, William, unless he predeceased testator, in which case it was left to the children of his brother who should survive testator. By the second codicil to his will, testator directed his brother, William (unless he should predecease him, or, in that event, his children), to pay to Cora Lindhauer $1,000 a year during her life, and directed him or them to execute to her a written agreement to the foregoing effect.

In my judgment the gift by this codicil was a charge upon the residuary estate given to his brother if he survived testator (as he did), and his provision for a recognition of the indebtedness was collateral to the charge, and was therefore property which passed by his will to Cora Lindhauer. The property thus passed was an annuity for life, and its value may properly be fixed by a determination of its worth at testator's decease, considered in the light of the legatee's probability of life.

All the objections having been found insufficient to produce a reversal, the order appealed from is affirmed.