PROVO STY. J.
The de cujus, a citizen of France, residing in Louisiana, constituted the Society of the Propagation of the Faith, a French corporation domiciled in Lyons, France, his universal legatee. The state seeks to collect an inheritance tax on the property thus devised, and the demand is resisted on the ground that the devise is exempt from said tax, the legatee being a religious institution. Section 1 of the inheritance tax law (Act 109 of 1906) imposes the tax “solely for the support of the public schools,” upon “all inheritances, legacies and other donations mortis causa”; and section 2 provides that “said tax shall not be imposed * * * on any legacy or other donation mortis causa to or in favor of an educational, religious or charitable institution.”
The legatee in this case comes squarely within the terms of this exemption; but it is said that the exemption applies to domestic institutions only, that the courts of other states, interpreting similar statutes, have uniformly so held, and in support of that assertion the following cases are cited: In re Prime, 136 N. Y. 347, 32 N. E. 1091, 18 L. R. A. 713; Minot v. Winthrop, 162 Mass. 113, 38 N. E. 512, 26 L. R. A. 259; Humphreys v. State, 70 Ohio, 67, 70 N. E. 957, 65 L. R. A. 776, 101 Am. St. Rep. 888, 1 Ann. Cas. 233; In re Speed, 216 Ill. 23, 74 N. E. 810, 108 Am. St. Rep. 189; Alfred Uni v. Hancock, 69 N. J. Eq. 470, 46 Atl. 178; Estate of McCoskey, 6 Dem. Sur. (N. Y.) 438; Id., 1 N. Y. Supp. 782; Estate of Hickok, 78 Vt. 259, 62 Atl. 724, 6 Ann. Cas. 578; Carter v. Whitcomb, 74 N. H. 482, 69 Atl. 779, 17 L. R. A. (N. S.) 733. In all these cases, except In re Speed, 216 Ill. 23, 74 N. E. 809, 108 Am. St. Rep. 189, the inheritance tax law read differently from ours; and, of course, the question being one merely of interpretation, the decisions could be apposite only if they interpreted a statute of same terminology or meaning. The New York statute exempted from the inheritance tax those institutions whose property was exempt from taxation under the laws of New York; and the New York cases are to the effect that, inasmuch as the property of foreign institutions is not exempt from taxation under the laws of New York, these institutions are not exempt from the inheritance tax; and what is here said of the New York decisions applies equally to the Massachusetts and Vermont decisions. Thus in Minot v. Winthrop, supra, the court said:
“The contention of the Attorney General is that the exemption of ‘charitable, educational, or religious societies or institutions, the property of which is exempt by law from taxation,’ found in the first section of Stat. 1891, c. 425, is confined to societies the property of which is exempt from taxation by the laws of this commonwealth. We think that this is the true construction. See Re Prime’s Estate, 136 N. Y. 347 [32 N. E. 1091, 18 L. R. A. 713]; Catlin v. Trinity College Trustees, 113 N. Y. 133 [20 N. E. 864, 3 L. R. A. 206]; Healy v. Reed, 153 Mass. 197 [26 N. E. 404, 10 L. R. A. 766].”
And in Re Hickok’s Estate, 78 Vt. 259, 62 Atl. 724, 6 Ann. Cas. 578, supra, the court said:
“No. 46, Acts of 1896, entitled ‘An act to tax collateral inheritances,’ exempts from its operation property passing ‘to or for charitable, educational or religious societies or institutions, the property of which is exempt by law from taxation.’ ”
*935 The provision of the inheritance law of Ohio is that the exemption is granted to “any institution in said state.” See Humphreys v. State, supra. And to precisely the same effect is that of New Hampshire. Carter v. Whitcomb, 74 N. H. 482, 69 Atl. 779, 17 L. R. A. (N. S.) 733.
Very true these decisions are reinforced by considerations based on the policy of the law in granting the exemption; but their main and real basis is the text itself of the statute. And the text of the statute of this state extends the exemption to religious institutions in general, without qualification.
The Illinois decision, In re Speed, supra, is in point, for the statute there reads like that of this state; but the decision was manifestly influenced by the decisions hereinabove referred to which as already pointed out cannot serve as authority. The trial court allowed the exemption.
Judgment affirmed.