CUMBERLAND PRESBYTERIAN CHURCH OF THE UNITED STATES, Appellant, v. W. J. BURBANK, Treasurer of State, Appellee.

TAXATION: Inheritance Taxes—"Institution Within This State" Defined. A religious institution organized under the laws of a foreign state is not an institution *"within this state,"* and therefore not exempt from paying an inheritance tax on a bequest to it, even though it has in this state, branch organizations incorporated under the laws of Iowa, *no part of said bequest necessarily passing to said branches.* (See Sec. 7308, Par. 2, Code of 1924.)

CORPORATIONS: License or Permit—Effect. A foreign corporation is not "domesticated" by the act of granting it a license or permit to do business in this state.

Headnote 1: 37 Cyc. p. 1573 (Anno.) Headnote 2: 14a C. J. p. 1232.

*Appeal from Des Moines District Court.*—OSCAR HALE, Judge.

MARCH 17, 1925.

ACTION to recover from the state the collateral inheritance tax paid in the Estate of John T. Laughlin. Plaintiff's petition was dismissed, and it appeals.—*Affirmed.*

*Galer & Galer,* for appellant.

*Ben J. Gibson,* Attorney-general, *B. J. Powers* and *Herbert A. Huff,* Assistant Attorney-generals, for appellee.

ALBERT, J.—John T. Laughlin, a resident of Des Moines County, Iowa, died testate on the 17th day of July, 1920. Upon the probate of his will, due proceedings were had thereunder, resulting in the payment of a collateral inheri-

1. TAXATION: inheritance taxes: "institution within this state" defined.

tance tax to the state, including $5,000 on a bequest made in said will to the appellant. The appellant, under the provisions of the then existing collateral inheritance tax law, seeks to recover $5,000 tax thus paid.

So far as this matter is concerned, the material part of the will is as follows:

"I give and bequeath unto the Cumberland Presbyterian Church of the United States the sum of $100,000. This bequest is intended for the organization known as the Cumberland Presbyterian Church prior to the attempted union of a portion of said organization with the Presbyterian Church, and it is my purpose and intention that no other organization shall share in this bequest than the original Cumberland Presbyterian Church of the United States."

The case was tried on a stipulated record, in which, among other things, it is stated that the executor of the Laughlin estate deducted the $5,000 for collateral inheritance tax, and paid the same to the treasurer of the state of Iowa. The Cumberland Presbyterian Church of the United States is a corporation organized for religious purposes under the laws of the state

of Kentucky. It is one of the class of organizations designated in the statute as a religious organization. It embraces local churches or branches located in various parts of the United States, some of said local churches or branches existing within the state of Iowa; and such local churches or branches are incorporated under the laws of this state as distinct and separate organizations, but are affiliated with and are a part of the general corporation known as the Cumberland Presbyterian Church of the United States, and as such, are entitled to receive, under the laws of the organization of said church, whatever portion of said fund may be allotted to them by the proper officers.

It is further stipulated that no specific part of this bequest is required, by the terms of the bequest, to be paid to any local organization or branch of said church; that whether said local church receives such aid or assistance depends upon the discretion of the proper officers of said church, and not upon any requirement or rule of the church; and that said bequest, less the collateral inheritance tax, has been paid by the said executor to the said church.

Under these facts, the appellant insists that it is entitled to recover from the said treasurer the money thus paid.

The statute in operation at the time of the death of Laughlin required the executor of his estate to pay to the treasurer of state the collateral inheritance tax of 5 per cent on the value of all bequests and devises that went collaterally. The exception to the act reads as follows:

"The tax imposed by this act shall not be collected: * * * (b) When the property passes to societies or institutions within this state incorporated for educational or religious purposes, or to cemetery associations or societies within this state organized for purposes of public charity, including humane societies." Section 3, Chapter 38, Acts of the Thirty-ninth General Assembly.

Under the conceded facts and stipulated record in this case, it is admitted that the appellant is a religious corporation under the laws of the state of Kentucky; and no question is raised but that it is the kind of corporation that comes within the provisions of this exemption; and the question, therefore, is narrowed

down to the point of a construction of the phrase "within this state," as used in said section of the statute.

It is the claim of the appellant that, while it is incorporated under the laws of the state of Kentucky, said incorporation is merely incidental to its church work, as it has members and branches or local churches in various states of the union, and especially in the state of Iowa; that, by reason of these local branches (which are incorporated under the laws of the state of Iowa), it therefore is "within this state," as contemplated by the statute. It is to this question that we will devote our attention.

It is thought that, in the former decisions of this court, the construction put upon this phrase is too narrow, and that the real purpose and intent of the statute, viewed in the light of the situation and circumstances, demand that a more liberal construction be placed upon this statute.

The first time this court had occasion to review this question was in the case of *In the Matter of the Estate of Crawford,* 148 Iowa 60. In that case, the decedent left $2,000 to the Burlington, Iowa, branch of the Salvation Army, $1,000 to be expended in the purchase of a permanent home or hall for said army, and the remaining $1,000 to be paid to maintain a fund to care for sick and disabled members thereof belonging to said Burlington branch of the said Salvation Army. The Salvation Army was a charitable and religious organization incorporated in New York. It had a branch in Burlington; but this branch organization was not incorporated under the laws of Iowa. It was there held that, in view of the fact that the money was to be expended within this state for charitable purposes and for a home for said army, it was not subject to tax, although the society itself might be incorporated elsewhere.

The distinguishing feature of that case is that the place of the expenditure of the money and the amount of expenditure, etc., were fixed by the will itself, and the parent society in New York City had no discretion whatever in relation thereto; but the money, when it received it, must be paid and used for the purpose specified in the will,—which is wholly different from the situation we have in the will now under consideration.

The appellant in this case, on the receipt of this bequest

from the executor of the Laughlin estate, was under no obligation or duty, so far as the will itself was concerned, to spend a dollar of this money within the state of Iowa. Numerous cases are cited pro and con on this, and attention is called to the case of *In re Estate of Speed,* 216 Ill. 23 (74 N. E. 809). That case is made to turn largely on the proposition that the foreign corporation receiving the bequest bestows its charities beyond the limits of the state; and appellant insists that it negatively holds that, if the benefits are received within the state, the rule ought to be broad, and the bequest exempt from collateral tax. To the same effect practically is *Carter .v. Whitcomb,* 74 N. H. 482 (17 L. R. A. [N. S.] 733). It is to be noted that both of these cases, in accord with our *Crawford* case, turn the question largely on the place where the funds are to be expended, as a controlling factor. If this rule, as formerly pronounced by us, is to be adhered to, the ruling of the district court in this matter was correct.

As heretofore stated, each of the local branches of this parent church is incorporated under the laws of the state of Iowa; and, had this will specified one of these local corporations in this state as the beneficiary of the will, with directions to expend said fund within the state, it could not be doubted that it would be exempt, under this statute. But it is insisted, under numerous cases cited by the appellant, that a foreign corporation may be domesticated in another state, and be a resident thereof, regardless of its technical citizenship and domicile in the state of its origin. It is quite apparent, however, under the facts in this case, that, if we were to recognize the doctrine that a foreign corporation might become domesticated within our state ·for certain purposes, appellant is not in a position to avail itself of this doctrine.

2. CORPORATIONS: license or permit: effect.

Some states, by direct legislative enactment, have domesticated certain named foreign corporations. Other states have passed laws marking out certain provisions which, when complied with by the foreign corporation, make it a domestic corporation. We have no law in this state providing for the domestication of foreign corporations. Chapter 354, Acts of the Thirty-seventh General Assembly (now Sections 8600 and 8601

of the Code of 1924), provides for the licensing or the issuance of permits to foreign corporations to do business within this state; but legislation of this character does not domesticate a foreign corporation. See 14-a Corpus Juris 1230, Section 3935, where this distinction is clearly marked out. We therefore conclude that the appellant, being a corporation under the state of Kentucky, is not a domesticated corporation in Iowa.

We again reviewed this question in the case of *In re Will of Petersen*, 186 Iowa 75, a case in which a bequest was made for the American Institute of Scientific Research of New York City, to be used for the American Society of Psychological Research of the same city; and again announced the doctrine that the phrase ''within this state'' was intended by the legislature to mean only those societies of the kind and character described that were organized or incorporated under the laws of this state. This case again is largely made to turn upon the question of the place for expenditure of the bequest.

From the pronouncement in these two Iowa cases we are not now disposed to recede. Our holding, under the facts stipulated in this case, is that the appellant is wholly a foreign corporation, and is not a society or an institution ''within this state,'' and therefore does not come within this exemption clause; and the district court was justified in dismissing the plaintiff's petition.—*Affirmed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.