WAPELLO COUNTY SAVINGS BANK, Trustee, Appellant, v. KEOKUK COUNTY et al., Appellees.

No. 40083.

MARCH 11, 1930.

*C. J. Lambert* and *Jones & White,* for appellant.

*Edwin Willcockson,* for appellees.

EVANS, J.—The plaintiff purports to bring its action for the benefit of the Ottumwa Public Library, and as a trustee of a part of the endowment fund of said Public Library, within the meaning of Section 6944, Code, 1924, which provides as follows:

"6944. *Exemptions.* The following classes of property shall not be taxed: * * *

"11. *Property of educational institutions.* Real estate owned by any educational institution of this state as a part of its endowment fund, to the extent of one, hundred sixty acres in any civil township."

The defendants specifically denied that any endowment fund had as yet been created, in a legal sense. Upon the trial, they made appropriate objection at all stages to the admissibility of the evidence, and of the only evidence, offered by plaintiff in support of its allegation. If the defendants are correct in their contentions in this regard, then the plaintiff's action must at least be deemed premature. The claim of an existing endowment fund and of exemption·from taxation predicated thereon arises out of the provisions of the residuary clause of the will of J. T. Hackworth, who died in 1919. This residuary clause was as follows:

"Subject to the said life estate given to my said wife, or in the event she does not survive me, I give and bequeath and devise all the rest, residue and remainder of my estate and property, not hereinbefore disposed of, to the Ottumwa Public Library of Ottumwa, Iowa, or its successors, as a permanent endowment fund, the net income alone to be used by said Ottumwa Public Library, or its successors, in any manner the board of trustees or management thereof may direct."

Subsequently, a codicil to this will was executed, which contained the following provision:

"I hereby nominate and appoint the Wapello County Savings Bank of Ottumwa, Iowa, my trustee to take charge of, manage and control all my residuary estate bequeathed and devised in the sixth clause of my will for the use and benefit of the Ottumwa Public Library, with full power and authority to do and perform every act and thing necessary and expedient to

properly manage and control the said property and fund in behalf of said Ottumwa Public Library * * * The active duties of such trusteeship shall commence when my executors herein appointed have settled my estate and have performed and completed the ordinary functions and duties of executors under the laws of Iowa.''

By the same codicil, the Wapello County Savings Bank, plaintiff herein, was also appointed one of the joint executors of the estate. This will was duly admitted to probate, and the plaintiff was appointed executor jointly with the widow of the testator, Sue C. Hackworth. Two years later, the widow died, and the plaintiff herein continued as the sole executor of the estate. The will of the testator established a life use of all his property in his wife during her life. He charged the estate also with the payment of bequests in excess of $100,000. The bequests were all money bequests. The bequest to the public library was residuary only. The interest of the residuary legatee could be determined only by a settlement of the estate and an ascertainment thereby of what such residuary estate should consist of. By the probate of the will, the district court acquired complete probate jurisdiction of the entire estate and of the plaintiff, as executor thereof. Manifestly, if any residuary estate became available to the Public Library, as a residuary legatee, that fact would necessarily appear upon the records of the district court, and as a result of adjudication therein.

In offering its proof upon the trial, the plaintiff ignored the probate record of the district court of Wapello County, and in lieu thereof, offered the oral testimony of its own cashier, which was received over the appropriate objections of the defendants thereto. Such evidence was, in part, as follows:

''The income from the endowment fund created by the last will and testament of J. T. Hackworth, deceased, which now includes the income from the Parkhill farm involved in this case is paid quarterly to the Ottumwa Public Library by the Wapello County Savings Bank acting as trustee under the terms of the last will and testament of J. T. Hackworth, deceased, and the net proceeds of said endowment fund are not applied in any other manner.''

Further details of his evidence were to the effect that, on February 1, 1924, he had used $24,000 of the funds of the Hackworth estate in the purchase of a real estate mortgage for a like amount; that, in 1926, he accepted a conveyance of the real estate in satisfaction of the mortgage. The real estate is known in the record as the Parkhill farm. The attitude of the witness was that the foregoing transactions had been performed by him under his trusteeship, and that he treated the purchase of the mortgage as an investment of the residuary estate for the benefit of the Public Library, and that the acquisition of the title to the Parkhill farm came pursuant to such investment. This testimony by the witness is evidence of his own good faith and purpose. It is not competent evidence of the creation of an endowment fund, or of the title to property in his hands. All the property of the Hackworth estate came into his hands in his capacity as executor. No mere voluntary act or purpose of his own could transfer that property from the "executor" to the "trustee." The power of adjudicating the extent and character of the residuary estate was in the district court, and not elsewhere. Without an order by the district court, there could be no transfer of the estate property from the executor to the trustee. The plaintiff offered no evidence of any order by the court, save only the admission of the will to probate. This deficiency in the proof is disposed of in appellant's argument with the following statement:

"All bequests provided for in the will of J. T. Hackworth have been paid, as well as the claims against the estate. The estate has not been formally closed, due to some minor adjustments to be made between the estates of J. T. Hackworth and Sue C. Hackworth, both deceased; but a final report was filed several years ago, which has not been approved, due to this fact. However, the appellant herein has been acting as trustee of the permanent endowment for the benefit of the Ottumwa Public Library ever since a few months subsequent to the death of Sue C. Hackworth, in 1921, in accordance with the above-quoted terms of the will, it having at that time completely performed its 'ordinary functions and duties' of an executor, by paying all debts of the decedent, all bequests contained in his will, etc. The appellant has been making regular quarterly reports to

the Ottumwa Public Library and paying to it the net income from the endowment fund. None of the income is being used for any other purpose, including the income from the land involved in this action, which constitutes a part of said endowment fund.''

The foregoing statement in the brief is predicated solely upon the oral testimony of the cashier. The cashier's testimony supports it only in part. We find nothing in the evidence purporting to be an explanation of the failure to obtain an order of discharge as executor. Nor do we find anything therein concerning ''minor adjustments.'' It is made clear, however, that the executor has never been discharged as such, nor has his final report ever been approved. If approval of the final report has been withheld because of adjustments yet to be made as between the estates of the husband and the wife, then such adjustments may be major, as well as minor. Such adjustments may absorb the supposed residuary estate. Only an adjudication by the district court can determine that question; the final report itself is not disclosed, nor the objections thereto, if any, nor the amount of residuary estate reported therein. The one manifest disclosure of the probate record is that the district court has not yet determined the identity or extent of the residuary estate; that it has not yet recognized the trusteeship; that it has not yet discharged the executor from responsibility for the whole estate in his hands, as such executor. The will required that the trustee, after coming into possession of the trust estate, should make annual reports to the district court. No such report has ever been made. It is argued by the appellant that, if the debts and bequests be paid, the functions of the executor are done, even though he be not formally discharged; that thereupon his functions as trustee become active, and his functions as executor passive. If such transition be assumed to be legally possible, it may not be accomplished as against third parties with the mere opinion or conception of the cashier. It may be accomplished, if at all, by judicial order, which shall have the force of finality, so far as the title of the residuary estate is concerned. Upon the record before us, it is now within the jurisdictional power of the district court to find and adjudge that there is no residue to this estate. For aught that appears, it

might become the court's duty to so find. True, the executor, as a purported trustee, has been paying to the Public Library for several years a considerable income from the supposed residuary estate. Such action is very persuasive of the probability of a substantial residue. The executor himself might become bound and estopped by his own conduct and attitude. Such a question is not here. Such conduct on the part of the trustee is also indicative of the good faith of the trustee, even though legal formalities had been neglected. But in the case before us, the plaintiff is under the burden of legal formality. He is seeking to exempt from taxation certain specific real estate. This was no part of the Hackworth estate, originally. The plaintiff bought the same while the estate was in the course of administration. In order to prevail under Section 6944, the plaintiff must show that the Ottumwa Public Library is the owner of the farm, and that it holds either a legal or an equitable title thereto. That is to say, the property devoted to the trust should be segregated from the control of the executor, and should be set apart as trust property; and this should be done through administration and through an appropriate order by the probate court, which should have the force of finality. Until the Public Library can show *title* to that extent, it is in no position to demand exemption from taxation for any specific property. We hold, therefore, that the requisite record of administration was not provable by the mere oral testimony of the cashier, nor could deficiencies of the record be cured by such evidence. The district court, therefore, properly dismissed the petition. We think, however, that such dismissal should be without prejudice to a future action after the acquisition of *title*, if any.

With this modification, the order of the district court is— *Affirmed.*

MORLING, C. J., and FAVILLE, KINDIG, and GRIMM, JJ., concur.