The defendants Linn County and Frank F. Bates, as treasurer of said County, having first perfected their appeal, they are designated in the caption as appellant and cross-appellee, and the executor as appellee and cross-appellant. For convenience, they will be herein designated as plaintiff and defendants.
The action concerns the taxes on the moneys and credits in the estate of Robert W. Cooper, who died testate May 24, 1937. A.L. Augustine qualified as executor June 17, 1937. All of decedent's property was left to religious, educational, and charitable institutions, as follows: 1/20 to the Young Women's Christian Association of Cedar Rapids, 1/20 to the Young Men's Christian Association of Cedar Rapids, 1/20 to St. Luke's Methodist Hospital of Cedar Rapids, 2/20 to the Home for Aged Women of Cedar Rapids, 2/20 to the Home for the Friendless of Cedar Rapids, 1/20 to Coe College of Cedar Rapids — all of which are corporations organized under the laws of the state of Iowa; 10/20 to the American Bible Society, a corporation organized by the act of the legislature of the state of New York, and 2/20 to the Trustees of the Synod of the Reformed Presbyterian Church of North America, a corporation organized by the act of the legislature of the state of Pennsylvania.
The will directed "that plenty of time be taken in the settlement of my estate, so that as much as possible may be realized out of my estate to distribute as above directed."
This appeal does not involve the estate or inheritance tax. *Page 923 
The general tax of 1937 was paid, but the executor resisted payment of the moneys and credits tax of 1938, amounting to $476.69, and the 1939 tax in the sum of $656.75, claiming that the moneys and credits sought to be taxed were the property of religious, educational, and charitable institutions, and exempt under the terms of section 6944 of the Code. The application of the executor, in which he asks this exemption, was filed October 5, 1939. Linn County and Frank F. Bates, treasurer of Linn County, appeared and resisted the application. At the time of the trial the parties entered into a stipulation as follows:
"That the beneficiaries under the will of Robert W. Cooper, Deceased, known and designated as the Young Men's Christian Association of Cedar Rapids, the Young Women's Christian Association of Cedar Rapids, St. Luke's Methodist Hospital, the Home for the Friendless of the City of Cedar Rapids, and Coe College are corporations not for pecuniary profit, organized, existing and operating under the laws of the State of Iowa and doing business within the State of Iowa, and are charitable, educational and religious organizations, within the definition, meaning, and intent of section 6944, 1935 Code of Iowa.
"That the beneficiary under said will, known as the American Bible Society, is also a religious, charitable and educational institution within the definition, meaning and intent of section 6944, 1935 Code of Iowa. That said society is a corporation organized under the laws of the State of New York, for the purpose of printing and distributing protestant Bibles throughout every state of the United States and foreign countries throughout the world. That said society is not a corporation organized for pecuniary profit, but a non-profit organization existing and operating by virtue of the gifts and bequests which are made to it, and that it distributes its Bibles to any individual or group which desires them at less than cost, that said Bibles are published in more than one hundred different languages and dialects, and are distributed, and said corporation is doing business in many foreign countries and in every state in the union including Iowa.
"That the beneficiary under the will of Robert W. Cooper, known as the Trustee of the Synod of the Reformed Presbyterian Church of North America is a charitable, educational and religious *Page 924 
institution within the definition, meaning and intent of Section 6944 of the 1935 Code of Iowa, that said beneficiary is a corporation organized and operating under the laws of the State of Pennsylvania, and that it has in Iowa churches and congregations at Hopkinton, Morning Sun, Sharon, and Grundy Center, and that, by order of the Synod of the Reformed Presbyterian Church, the bequest in the Estate of Robert W. Cooper, deceased, when received will be used for the benefit of the educational and religious organizations of this beneficiary of which the congregations of the State of Iowa are a part. That said corporation is doing business in every state in which its churches and schools are located, including Iowa.
"That the above named institutions comprise the beneficiaries under the will of Robert W. Cooper, and will receive all of the net proceeds of said estate. That on January 1, 1939, and before said date the period of filing claims which had been presented had been paid, that all taxes on said estate have been paid save the taxes which is the subject of this motion."
On trial to the court a decree was entered December 14, 1939, finding the facts as above stated, and further finding that "the equitable ownership of the property of this estate vested instantly on the death of decedent in the charitable legatees and devisees, who are and always have been the sole equitable owners of the property of this estate." The court further found that the Cooper Estate was liable for the moneys and credits tax for the year 1938, but not liable for such tax for the year 1939 or for subsequent years that might transpire before the estate was finally closed, and decree was entered accordingly. From the order granting exemption for the 1939 tax, defendants appeal, and from the order refusing exemption for the 1938 tax, plaintiff appeals.
[1] As shown by the foregoing, the sole question for determination on this appeal is whether or not, under this state of facts, the property of the estate is taxable for the year 1938 and for the year 1939, while the estate was still in the process of settlement and before any distribution had been made to any of the legatees.
Section 6944 of the 1935 Code of Iowa relates to exemption *Page 925 
from taxation, and, so far as the property under consideration is concerned, is as follows:
"The following classes of property shall not be taxed: * * *
"10. Moneys and credits — property of students. Moneys and credits belonging exclusively to the institutions named in subsections 7, 8, and 9" (7. Property of cemetery associations; 8. Libraries and art galleries; 9. Property of religious, literary, and charitable societies.) "and devoted solely to sustaining them, but not exceeding in amount or income the amount prescribed by their charters or articles of incorporation; and the books, papers, pictures, works of art, apparatus, and other personal property belonging to such institutions and used solely for the purposes contemplated in said subsections and the like property of students in such institutions used for their education."
Defendants in assailing the exemption of the 1939 tax granted by the court, allege that the court erred in holding that the moneys and credits of the estate in the possession or control of the executor and subject to the orders of the probate court, belonged exclusively to the beneficiaries under the will, devoted solely to sustaining them. One difficulty about this claim of defendants is that the record here shows by stipulation that all of the legatees named were religious, charitable, or educational institutions, within the definition, meaning, and intent of Code section 6944.
But even if not stipulated, we cannot agree with defendants in their view. That the legatees come within the definition of owners, under Code section 6944, is we think established by the decisions of this court. This court has always held that the estate property vests immediately upon the death of the decedent. Moore v. Gordon, 24 Iowa 158; Ferry v. Campbell, 110 Iowa 290, 296, 81 N.W. 604, 607, 50 L.R.A. 92, 95; Douglas v. Albrecht,130 Iowa 132, 136, 106 N.W. 354, 356, and cases cited.
Defendants cite the decisions in the cases of Wapello County Savings Bank v. Keokuk County, 209 Iowa 1127, 229 N.W. 721, and Kirk v. St. Thomas' Church, 70 Iowa 287, 30 N.W. 569, in support of their claim that the moneys and credits of *Page 926 
the estate did not belong exclusively to the beneficiaries and devoted exclusively to sustaining them, while in the hands of the executor. The facts in these cases do not support defendants' contention. In the Wapello County case, the bequest was residuary, and the district court and appellate court could not determine the extent thereof, nor was title shown. The case was dismissed without prejudice to a future action after the acquisition of title, if any. The decision in the Kirk case was as to property not used by defendant, which had not even determined that it would in the future be devoted to the uses prescribed by the statute.
Defendants' argument that part of the fund must go for necessary expenses would not affect the question of exemption. The entire estate is exclusively the property of the legatees, subject only to payment of claims, costs, and expenses. However handled, through a trustee or otherwise, the expenses would necessarily have to be paid. It could not be argued that a beneficiary would be denied exemption simply because the bequest to such beneficiary would be attended by some expense in apportioning it, or in its investment and administration. As stated in 61 C.J., p. 400, sec. 400: "* * * where the title is held in trust, although trust property is taxable to the trustee, as a general rule, and not to the beneficiary, its right to exemption is determined by the nature of the beneficial interest, * * *." See Ellsworth College v. Emmet County, 156 Iowa 52, 135 N.W. 594, 42 L.R.A., N.S., 530, and cases cited; McColl v. Dallas County, 220 Iowa 434, 262 N.W. 824. Since the courts of this state have uniformly held that an executor holds as trustee, there can be no question that the legatees herein have an equitable title. See, among other cases, Bettendorf v. Bettendorf, 190 Iowa 83, 109, 179 N.W. 444, 456; Ryan v. Hutchinson, 161 Iowa 575, 143 N.W. 433; Goodman v. Bauer,225 Iowa 1086, 281 N.W. 448, and cases cited. We think the ownership is established in the legatees, and, under the facts, comes within the provisions of the statute. That the money was or is invested and the proceeds of the interest applied to the purposes of the institution would not prevent the exemption.
[2] II. It is also contended by the defendants that the exemption could not apply to the bequests to the American *Page 927 
Bible Society and the Synod of the Reformed Presbyterian Church of North America, since these are corporations of other states. While we think that this matter may be covered by the stipulation, yet it is of sufficient importance as to require consideration. Defendants do not cite any Iowa authority on this proposition, but refer to the case of In re Estate of Crawford,148 Iowa 60, 126 N.W. 774, Ann. Cas. 1912 B, 992, which in turn adopts the reasoning of Humphreys v. State, 70 Ohio St. 67, 70 N.E. 957, 65 L.R.A. 776, 101 Am. St. Rep. 888. The Crawford case, however, arose over the interpretation of the inheritance tax law, and held that a bequest to a religious or charitable society, incorporated under the laws of a foreign state, with power to expend where the society may see fit, is not exempt from inheritance tax. Defendants cite also Cumberland Presbyterian Church v. Burbank, 199 Iowa 739, 202 N.W. 834, as sustaining their theory that the place where the funds are to be expended is the controlling factor. Neither of these cases is of much advantage to the defendants, since they were both decided under the provisions of the inheritance tax law, which expressly limits the exemption. Code, 1935, section 7308, exempts in cases where the property passes to societies, institutions, or associationsincorporated or organized under the laws of this state, for charitable, educational, or religious purposes, and which are not operated for pecuniary profit; and to cemetery associations, or humane societies, or to resident trustees for such uses withinthis state. The Humphreys case was, moreover, under a statute of Ohio which itself limited the exemption to any institution in said state.
It is conceded by the defendants that authorities in other states are divided on the question of exemption as to nonresident or foreign corporations. It is probably true that the majority of the states, in construing the provisions and effects of the inheritance tax laws, do not bring within the exemption corporations or institutions of other states. We have, however, examined all of the cases cited by the defendants, with others. All are inheritance tax cases.
In re Prime's Estate, 136 N.Y. 347, 32 N.E. 1091, 18 L.R.A. 713, bases its holding largely on the general theory that corporations of the state are creatures of the state and subject to *Page 928 
its laws and regulations. The inheritance tax law of that state had no specific limitation to legatees within the state. Morgan v. Atchison, T. S.F. Ry. Co., 116 Kan. 175, 225 P. 1029, 34 A.L.R. 625; Alfred University v. Hancock, 69 N.J. Eq. 470, 46 A. 178; In re Rothschild's Estate, 71 N.J. Eq. 210, 63 A. 615; Price v. Edwards, 88 N.J. Law 582, 97 A. 57; In re Hickok's Estate,78 Vt. 259, 62 A. 724; People v. Woman's Home Missionary Soc.,303 Ill. 418, 135 N.E. 749 — all cited and discussed by the defendants, and all inheritance tax cases — are all in line with defendants' contention. But however, the inheritance tax laws vary in the different states, and while the cases cited are limited to the decision of the inheritance tax laws, yet, in several cases, the discussion is extended to general taxes.
As holding to the contrary, that the tax exemption extends to foreign institutions, are In re Fiske's Estate, 178 Cal. 116,172 P. 390; In re Frain, 141 La. 932, 75 So. 847; Sage's Executors v. Commonwealth, 196 Ky. 257, 244 S.W. 779. The Fiske case, in considering the cases holding to the contrary view, states: "Some of the cases cited are based upon the general consideration that, where `corporations' are referred to in such legislation, it must be inferred that the Legislature was exempting such corporations only as it has jurisdiction over, namely, domestic corporations." The case follows the Frain case [141 La. 932, 935, 75 So. 847, 848], which also discusses the contrary decisions, and which states: "Very true these decisions are reinforced by considerations based on the policy of the law in granting the exemption; but their main and real basis is the text itself of the statute. And the text of the statute * * * extends the exemption to religious institutions in general, without qualification." The Louisiana statute did not make a limitation, as ours does, to institutions within the state or organized or incorporated therein. The case [141 La. 932, 75 So. 847] cites and considers all the cases cited by the defendants and noted above, and concludes that in all the cases, except In re Speed,216 Ill. 23, 74 N.E. 809, 108 Am. St. Rep. 189 (which, although not so stated in the opinion cited, was affirmed by the Supreme Court of the United States, 203 U.S. 553, 27 Sup. Ct. 171, 51 L. Ed. 314), the inheritance tax law read differently from the statutes of Louisiana. The case [141 La. 932, 935, 75 So. 847, 848] states that the Illinois *Page 929 
decision in In re Speed is in point, for "the statute there reads like that of this state [Louisiana]; but the decision was manifestly influenced by the decisions hereinabove referred to which as already pointed out cannot serve as authority." And the Sage case (decided in 1922), where the statute did not make an exception of foreign corporations, held, as did the other cases referred to above, that foreign institutions are entitled to the exemption the same as domestic. The statute under consideration in the Sage case consisted of five subsections: the first granting exemption to any municipal corporation within the state for public purposes; second, institutions of purely public charity; third, institutions of education, etc.; fourth, public libraries; fifth, any person or persons * * * in trust for any of the purposes above mentioned. It will be noticed that only the first of these subsections limited the exemption to municipal corporations within the state, but the others made no such limitation, and the court, in seeking the intent of the legislature, calls attention to that distinction, saying that, having confined the exemption to only one of the many classes within the state, the legislature has plainly expressed an intention that such limitation should not apply to other classes described in language so general as literally to include those without as well as those within the state. Any other construction, of necessity disregards entirely the words "within the state" applied only to the first class. The court therefore held that the legislature intended to extend the exemption to property devised or bequeathed to all of the classes enumerated except the first, whether located within or without the state.
We think the reasoning of the three cases last mentioned is sound, and that the rule enunciated therein should apply and does apply to the statute of this state (section 6944), considered as it is in connection with the limitation on exemptions under the inheritance tax statute.
But it is urged that we should so construe section 6944, with the exemptions therein provided for, as to conform to the holdings under the inheritance tax statute, section 7308. We cannot undertake to add to an act of the legislature that which will result in a change in its meaning. The exemption given by section 6944 is clear and needs no construction or interpretation. Decisions *Page 930 
from other states, based in some cases upon a different wording of the statute, are of little value in determining the question here. It is our opinion that the intent of the legislature was to make no distinction as to general tax between the institutions or charities entitled to the exemption. Had it intended to do so, no doubt it would have expressly so stated, as it did expressly state in the inheritance tax law. Since the legislature has not seen fit to distinguish between foreign and local corporations, we do not feel that we should add to the legislative enactment by judicial construction and so as to limit the exemption to domestic corporations or institutions.
[3] III. Defendants also claim that the court erred in holding moneys and credits of educational institutions entitled to exemption from taxation, and argue that the stipulation on which the submission was made is that the beneficiaries of the will are charitable, educational, and religious institutions within the definition and intent of Code section 6944, and that, as there was no evidence or finding as to what particular beneficiaries are "educational institutions," the court erred in holding the moneys and credits exempt. Defendants argue that subsection 11 of section 6944 exempts certain real estate of educational institutions, but subsections 7, 8, and 9, upon which subsection 10 is based, do not include them. The stipulation and decree, however, include educational institutions, but defendants urge that there is no showing as to which are so classed. There was no error here. No attempt was made on trial to distinguish between them, and in view of the stipulated facts, we do not think that it was necessary. And it has frequently been held that an educational institution, under the provisions of section 6944, is also a charitable organization, and that educational institutions are within the provisions of subsection 9 of section 6944. If so exempted under subsection 9, they would necessarily be exempted under subsection 10, which exempts institutions named in subsections 7, 8, and 9.
In Wilson v. First Nat. Bank, 164 Iowa 402, 410, 412, 145 N.W. 948, 951, 952, Ann. Cas. 1916D, 481, the court states: "That gifts to establish or endow schools for the mental or moral improvement of the people, and especially of those members of society who are handicapped by actual or comparative poverty, are lawful public charities is so well settled as to require no *Page 931 
elaboration of argument or citation of authority." And again: "The word `charity,' as used in law, has a broader meaning and includes substantially any scheme or effort to better the condition of society or any considerable part thereof. It has been well said that any gift not inconsistent with existing laws, which is promotive of science or tends to the education, enlightening, benefit, or amelioration of the condition of mankind or the diffusion of useful knowledge, or is for the public convenience, is a charity." Citing numerous cases. See, also, Heald v. Johnson, 204 Iowa 1067, 216 N.W. 772, where (on pages 1070 and 1071 of 204 Iowa, pages 773, 774 of 216 N.W.) a large number of authorities are cited, all of which support the plaintiff's contention that this was a charitable bequest. See, also, Rine v. Wagner, 135 Iowa 626, 632, 113 N.W. 471, 473, and cases cited.
[4] IV. Defendants claim that the court erred in holding moneys and credits given by the will to the beneficiary institutions exempt from taxation without any showing that they did not exceed the amount prescribed by their charters or articles of incorporation. Plaintiff insists that this question was not an issue at the trial, that defendants did not demur to the executor's application for failure to allege that the various beneficiaries did not exceed their charter limits, nor did they seem to regard the point as an affirmative defense which they should plead, and that the matter was not mentioned during the course of the hearing or in argument. The record seems to sustain the plaintiff's objection, since what may be denominated the answer to plaintiff's application makes no reference to the question of charter limitation. We do not think the burden was upon the plaintiff to show that the gift was within the charter limitation. Such objection, if true, would properly have been made to the application of the executor and sustained by evidence. Defendants cite no authorities in support of this contention, which we think is negatived by the opinion of this court in In re Appeal of Trustees, 185 Iowa 434, 170 N.W. 813. See also Rine v. Wagner [135 Iowa 626, 113 N.W. 471], supra.
In the examination of the questions raised by this appeal, our attention has been called to the case of Samuelson v. Horn,221 Iowa 208, 265 N.W. 168. The decision in that case has no application to the instant case, since it was decided upon *Page 932 
the theory that the trustee named in the will was not an "institution" under the provisions of the statute.
Plaintiff-appellee has filed motion to dismiss and motion to strike defendant-appellants' amendment to brief and argument, and defendant-appellants have filed motion to dismiss cross-appeal of plaintiff-appellee. We have examined the motions, and since, in any event, it was necessary to determine this appeal upon the facts, the same are overruled.
After examination and consideration of the arguments of the parties, and the authorities referred to by them, our holding must be that the bequests are within the provisions of Code section 6944, both as to the domestic and foreign legacies, that as such all institutions named in the will are included, and that none of them would be subject to payment either of the tax of 1938 or 1939. So holding it is necessary that the order and decree of the district court as to the tax of 1939 be affirmed, and that as to the tax of 1938, such order and decree be reversed. The cause must therefore be remanded to the district court for an order in conformity to this opinion. — Affirmed in part; reversed in part.
HAMILTON, STIGER, SAGER, MILLER, and OLIVER, JJ., concur.
MITCHELL J., concurs in result.